(No. 21949.—

THE VILLAGE OF GLENCOE, Plaintiff in Error, *vs.* THE IN-
DUSTRIAL COMMISSION *et al.*—(MYRTLE HASSELBERG,
Defendant in Error.)

*Opinion filed October 21, 1933—Rehearing denied Dec. 15, 1933.*

McKenna, Harris & Schneider, (Geo. A. Schneider, and Abraham W. Brussell, of counsel,) for plaintiff in error.

Maurice G. Shanberg, for defendant in error.

William H. Sexton, and Thomas A. Murray, for *amicus curiae*.

Mr. Justice Stone delivered the opinion of the court:

This cause is here on writ of error granted to review the judgment of the superior court of Cook county confirming an award of the Industrial Commission granting compensation to defendant in error, Myrtle Hasselberg, widow of Harry Hasselberg, deceased. Harry Hasselberg was on June 17, 1930, serving as a policeman of plaintiff in error village and was killed while in discharge of his duties. The arbitrator to whom the application for compensation was referred, found that the deceased and plaintiff in error were not operating under the provisions of the Workmen's Compensation act at the time of the death of Harry Hasselberg and denied compensation. The ground of this finding was that the deceased was an official of the plaintiff in error village and not an employee, and was not, therefore, within the provisions of the act granting compensation. On review the Industrial Commission set aside the decision of the arbitrator, found that the deceased and plaintiff in error village were operating under the Workmen's Compensation act, and entered an award.

The application for *certiorari* was filed in the superior court of Cook county on December 31, 1931. On October 17, 1932, defendant in error by her counsel moved to quash the writ of *certiorari* on the ground that the sureties on the bond were not approved by the clerk when the bond was filed, by reason whereof the court did not obtain jurisdiction of the subject matter of the cause. On October 24, 1932, the village presented a cross-motion seeking an order

of the court to be entered *nunc pro tunc* as of December 31, 1931, directing the clerk to affix his signature as approving the bond on that date. This motion was supported by an affidavit of the deputy clerk stating that he did, in fact, approve the bond but omitted to endorse the clerk's approval thereon. The cross-motion was first denied and later allowed. The court heard the cause on its merits and confirmed the decision of the Industrial Commission without specifically passing on the motion to quash the writ of *certiorari,* and defendant in error urges here that the court below was without jurisdiction. Thus the first question in the case is presented by defendant in error. Plaintiff in error replies (1) that the village, a municipal corporation, was not required to give bond; (2) the bond was, in fact, approved, as the affidavit offered shows; and (3) that the defendant in error waived the question of jurisdiction by entering her appearance. Concerning the last contention it is sufficient to say that entry of appearance while waiving jurisdiction of the person does not confer jurisdiction of the subject matter. *Eggleston* v. *Royal Trust Co.* 192 Ill. 101.

First, then, is the question whether the village was required by the Workmen's Compensation act to give a bond. Plaintiff in error cites the provisions of the Practice act exempting municipalities from giving bonds on appeal. Paragraph (*f*) of section 19 of the Workmen's Compensation act provides as follows: "No such writ of *certiorari* shall issue unless the one against whom the Industrial Commission shall have rendered an award for the payment of money shall upon the filing of his *præcipe* for such writ file with the clerk of said court a bond conditioned that if he shall not successfully prosecute said writ, he will pay the said award and the cost of the proceedings in said court. The amount of the bond shall be fixed by any member of the Industrial Commission and the surety or sureties of said bond shall be approved by the clerk of said court."

Proceedings under the Workmen's Compensation act are purely statutory. Compensation for injuries received by an employee was unknown at the common law. The jurisdiction conferred on the circuit and superior courts to review findings of the commission by *certiorari* is special. The writ of *certiorari* in this class of cases is not to be confused with the common law writ of *certiorari*. The powers of the court and the methods of procuring jurisdiction are specifically defined in the Workmen's Compensation act, and courts can obtain jurisdiction only in the manner provided by that statute. *Central Illinois Public Service Co.* v. *Industrial Com.* 293 Ill. 62; *Mowcaqua Coal Co.* v. *Industrial Com.* 322 id. 403.

The Practice act has no application to proceedings under the Workmen's Compensation act in so far as material to the question here. Municipalities are not expressly exempted from the act, but the direct provisions thereof are, that "no such writ of *certiorari* shall issue unless the one against whom the Industrial Commission shall have rendered an award for the payment of money" shall file a bond. There is a valid reason why this requirement must be held to apply to municipalities. The finding of the circuit court confirming an award for the payment of money is not a judgment against the employer. The provisions of the act requiring the filing of a bond were intended to prevent the necessity for a judgment and at the same time protect the employee. (*Nierman* v. *Industrial Com.* 329 Ill. 623.) This is properly so because awards of compensation usually extend over a period of years. Paragraph (*g*) of section 19 provides for a judgment in those cases where no review of the award of the commission is sought and the award is not paid. That section has no relation to cases such as the one before us, where review is sought by *certiorari*. Since no judgment is entered by the finding of the court confirming an award, it will readily be seen that if a municipality be not required to give a

bond no method is provided by the act for the recovery of an award against such municipality. We are of the opinion, therefore, that the village was required to give a bond in this case. Nor is this a case where a judgment is entered against the village, as contemplated by the Cities and Villages act, (Cahill's Stat. 1933, chap. 24, par. 244,) exempting villages from giving bond on "appeal from the judgment of any court of this State."

Counsel for plaintiff in error next urge that the bond was, in fact, approved, and they offered an affidavit to show that fact. Defendant in error argues that this affidavit was not competent as evidence. As we have seen, the positive provisions of the statute are that the writ of *certiorari* shall not issue unless the one against whom an award of payment of money has been entered "shall upon filing his *præcipe* for such writ file with the clerk of said court a bond" conditioned as required by the act. This bond is required to be approved by the clerk of the court. This provision is jurisdictional. A bond not approved at the time of its filing is not a bond as required by the act. In *Moweaqua Coal Co.* v. *Industrial Com. supra,* a writ of *certiorari* was issued to review an award for compensation. The employee filed a motion to quash the writ because the employer had not exhibited to the clerk a receipt showing the payment of the costs, as required by paragraph (*f*) of section 19. It was held that this provision of the statute was a condition precedent to acquiring jurisdiction of the subject matter and that the writ of *certiorari* was improperly issued and should have been quashed on motion. We are of the opinion that such must be the conclusion here. It is necessary to the jurisdiction of the court in the *certiorari* proceeding that the bond be approved when filed.

Counsel for plaintiff in error say, however, that they have an affidavit of the deputy clerk to the effect that he did approve the bond, and that it was then proper to enter

an order *nunc pro tunc* showing such approval. They cite the statement in the *Moweaqua Coal Co.* case that where the facts showing the writ was improperly issued are not apparent from inspection of the record, extrinsic evidence may be heard on a motion to quash. Paragraph (*f*) of section 19 does not require that the receipt showing payment of costs be filed with the clerk when the *præcipe* for *certiorari* is filed nor at any other time. The requirement is that the receipt be exhibited to the clerk. Evidence of compliance with that requirement necessarily arises outside the record, and the question whether such receipt was so exhibited was a matter of proof. To confer jurisdiction on the court under the Workmen's Compensation act it is necessary to make a record in compliance with that act. Here the record shows no approval of the bond. So far as appears from the record this jurisdictional requirement was not met when the bond and *præcipe* were filed. In that condition of the record the court did not obtain jurisdiction and the writ of *certiorari* should not have been issued. The *præcipe* and bond were filed December 31, 1931. The motion for an order *nunc pro tunc* directing the clerk to affix his name to the bond was not made until October 24, 1932, long after the twenty days given the employer to complete his application for writ of *certiorari* had expired. During all that time the court had before it a record showing no jurisdiction of the subject matter, and, of course, could not by a *nunc pro tunc* order confer jurisdiction of the subject matter on itself. Neither could an affidavit be made effective for such purpose. It has long been the rule that court records may not be amended by affidavit as here attempted. Such records import verity. (*Wolf* v. *Hope,* 210 Ill. 50; *Chicago, Burlington and Quincy Railroad Co.* v. *Lee,* 68 id. 576.) We are of the opinion, therefore, that the court did not obtain jurisdiction of the subject matter by the filing of a *præcipe* for *certiorari* and a bond which, so far as the record shows,

was not approved. The question whether a court has jurisdiction of the subject matter is one always open, and the court may of its own motion dismiss the proceeding where want of such jurisdiction appears. *Evans* v. *Pierce,* 163 Ill. 207; *Swift* v. *People,* 160 id. 561; *Millard* v. *Board of Education,* 116 id. 23; *Wright* v. *People,* 92 id. 596.

Counsel for the plaintiff in error have cited numerous cases in support of the contention that jurisdiction was conferred here. Some of these arose under the Practice act, and the holding was that formal insufficiencies in an appeal bond are not sufficient to prevent jurisdiction in the reviewing court. The defect here was not an informality in the execution of the bond but a failure to do that which the act required as a condition precedent to the issuance of a writ of *certiorari.* By the plain language of the statute no writ of *certiorari* is to issue unless the steps specifically required by the act are taken. Other cases cited hold that failure to raise before the Industrial Commission the objection that the stenographic report of the evidence taken by the arbitrator had not been filed within the time required by the statute constituted a waiver of the point. Those cases are not applicable to the question here, since the Industrial Commission has jurisdiction of the subject matter of the proceeding from the time of the filing of the application for compensation, and, of course, jurisdiction is not lost by reference to an arbitrator. Failure to file the stenographic report of the proceedings before the arbitrator within the time required by the act will prevent review if the point is raised in time, but it does not affect jurisdiction in the commission of the subject matter. Therefore that defect is one which can be waived by the act or failure of the party affected. (*Taylor Coal Co.* v. *Industrial Com.* 301 Ill. 381.) Such is not the rule, however, where jurisdiction of the subject matter depends on compliance with the statute. In the case before us the question of jurisdiction of the court to review the award

of the commission is, as we have said, wholly statutory, and in the absence of complete compliance with the act jurisdiction of the subject matter is not obtained. The superior court therefore should have quashed the writ of *certiorari*. It was without jurisdiction to hear the case on its merits.

The judgment of the superior court is reversed and the cause remanded, with directions to quash the writ of *certiorari*.

*Reversed and remanded, with directions.*