DREW, Justice.
This is an appeal from an order of the Circuit Court of Dade County dismissing an appeal to that Court from an order of the full Florida Industrial Commission.
The chronology of the pertinent events is as follows:
March 23,1953 — Order of Commission filed in Tallahassee.
April 10, 1953 — 'Notice of appeal filed with Commission at Tallahassee. This notice failed to fix a return day.
April 16, 1953 — Directions for transcript and assignment of errors filed with Commission at Tallahassee.
April 24,1953 — Amendment to notice of appeal filed with Commission at Tallahassee. This instrument recited that in the original notice of appeal appellants had overlooked fixing a return day . and that such was therein fixed as May 21, 1953; further, the Commission should commence making up the transcript May 4, 1953.
The requirement of Section 440.27(4), Fla.Stats.1953, F.S.A., that “The notice shall fix the return day of the appeal”, (emphasis supplied) is one of the essential requirements to confer jurisdiction on the appellate court. A failure on the part of appellant to name any return day in the notice is just as fatal to jurisdiction as fixing a return day less than 30 days or more than 60 days. Therefore, an attempt to cure this defect after the expiration of the time of appeal (20 days) was ineffectual for such purpose, and conferred no jurisdiction on the Cir *661 cuit Court. City of Miami v. Saco, 156 Fla. 634, 24 So.2d 115.
Affirmed.
ROBERTS, C. J., and THOMAS and HOBSON, JJ., concur.