(No. 42922.—)

PETER H. CLARK LODGE NO. 483, I.B.P.O.E. OF W. ELKS, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (IDA MAE KING, Appellee.)

*Opinion filed April 1, 1971.*

HAFELE & MCDADE, of Peoria, (JAMES L. HAFELE, of counsel,) for appellant.

ELMO E. KOOS, of Peoria, for appellee.

Mr. JUSTICE WARD delivered the opinion of the court:

The claimant, Ida Mae King, filed a claim with the Industrial Commission alleging that her husband, James C. King, had been killed in an accident arising out of and in the course of his employment with Peter H. Clark Lodge, No. 483, I.B.P.O.E. of W. Elks (hereafter, "Lodge"). After taking evidence the arbitrator entered an award in favor of Ida Mae King. The Industrial Commission, hearing additional evidence and argument, confirmed the award. The circuit court of Peoria County affirmed the decision of the Commission. The Lodge has appealed to this court under our Rule 302(a). Ill. Rev. Stat. 1969, ch. 110A, par. 302(a).

James C. King was killed as he and Palmer Evans, both members of the Lodge, were leaving the Lodge. There was evidence that King for some time on the evening of his death and on other occasions had served as a doorman at the Lodge. It appears that as he and Evans were leaving the Lodge they encountered Albert Charles, who had been in-

volved in a disorder in the Lodge earlier that night. Charles was carrying a 12 gauge shotgun and King requested him not to enter the Lodge and cause trouble. Suddenly and apparently without reason, Charles shot and killed King.

It is appropriate to consider first the claimant's contention that the circuit court, though it approved the claimant's award, was without jurisdiction to review the award as it had become final, and that the order entered by the circuit court cannot be appealed to this court. She argues that the circuit court lacked jurisdiction as the record shows that the Lodge failed, within the period allowable under section 19(f) of the Workmen's Compensation Act, to exhibit a receipt for the cost of the record at the time the *praecipe* for the writ of *certiorari* was filed in the circuit court or to file a bond in the circuit court, which is required, too, by section 19(f) of the Act. (Ill. Rev. Stat. 1969, ch. 48, par. 138.19(f)). What is pertinent in section 19(f) provides:

"The decision of the Commission acting within its powers, according to the provisions of paragraph (e) of this Section shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph hereinafter provided. * * *

"(1) Except in cases of claims against the State of Illinois, in which case the decision of the Commission shall not be subject to judicial review, the Circuit Court of the county where any of the parties defendant may be found, or if none of the parties defendant can be found in this State then the Circuit Court of the county where the accident occurred, shall by writ of certiorari to the Commission have power to review all questions of law and fact presented by such record.

"Such suit by writ of certiorari shall be commenced within 20 days of the receipt of notice of the decision of the Commission. * * *

"In its decision on review the Commission shall determine in each particular case the amount of the probable cost of the record to be filed as a return to the writ of certiorari

in that case and no praecipe for a writ of certiorari may be filed and no writ of certiorari shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the said Circuit Court a receipt showing payment of the sums so determined to the Secretary or Assistant Secretary of the Commission, * * *.

"(2) No such writ of certiorari shall issue unless the one against whom the Commission shall have rendered an award for the payment of money shall upon the filing of his praecipe for such writ file with the clerk of said court a bond conditioned that if he shall not successfully prosecute said writ, he will pay the said award and the costs of the proceedings in said courts. The amount of the bond shall be fixed by any member of the Commission and the surety or sureties of said bond shall be approved by the clerk of said court."

Citing *Moweaqua Coal Mining and Manufacturing Co.* v. *Industrial Com.*, 322 Ill. 403, and *Village of Glencoe* v. *Industrial Com.*, 354 Ill. 190, the claimant argues that these requirements of section 19(f) are jurisdictional, and since the receipt of the Industrial Commission was not exhibited and the bond not filed within the 20-day period, as the statute required, the circuit court was without jurisdiction to review the award.

The response of the Lodge is that while *Moweaqua* does require that the receipt for payment of costs be exhibited to the clerk of the circuit court, it is distinguishable from the present case. In *Moweaqua,* the Lodge points out, the claimant filed a motion to dismiss the writ of *certiorari,* which was supported by an affidavit showing that the amount of costs had not been paid until some months after the *praecipe* for a writ of *certiorari* was filed. Here, the Lodge argues, there is no evidence that the receipt for costs was not exhibited as required by the statute and, further, the claimant did not make a motion to quash in the circuit court on the grounds she now advances. Thus, even if the

receipt was not exhibited, the Lodge says, the claimant must be considered under the circumstances to have waived the requirements.

Concerning its alleged failure to file a bond, the Lodge says that the *Village of Glencoe* is not pertinent, since it did in fact file a petition asking leave to file a trust deed in lieu of sureties on the bond of appeal within the statutory period. Too, the Lodge argues, the authority of *Village of Glencoe* is questionable, as *Republic Steel Corp.* v. *Industrial Com.,* 30 Ill.2d 311, overruled the *Village of Glencoe* insofar as that decision had required formal written approval of a bond by the clerk of the circuit court. The Lodge's position is that the requirement of the filing of a bond within 20 days, as the statute requires, is similar to the requirement to file a stenographic record of a hearing before the arbitrator with the Commission within the allotted time, which requirement, it asserts, this court has held to be waived if not insisted upon by the opposing party.

In *Moweaqua Coal Co.,* in affirming the quashing of a writ of *certiorari* in the circuit court, this court said: "The method of bringing before the circuit court for consideration the record of the Industrial Commission is purely statutory, and the court can obtain jurisdiction of the proceeding only in the manner provided by the statute. (*Central Illinois Service Co.* v. *Industrial Com.,* 293 Ill. 62; *People* v. *McGoorty,* 270 id. 610.) The jurisdiction exercised by the circuit courts under the Workmen's Compensation act is a special statutory jurisdiction, and the parties seeking a hearing in the circuit court under this statute must comply with all the conditions prescribed. The statute says plainly that no *praecipe* for a writ of *certiorari* may be filed and no writ shall issue until the parties seeking the writ shall exhibit to the circuit clerk a receipt showing payment of the amount of the probable cost of the record to be filed as a return to the writ of *certiorari*. The purpose of the statute is to coerce the payment of an amount sufficient to cover the cost of the

record which the Industrial Commission must prepare. The legislature has seen fit to make the payment of this amount a condition precedent to the issuance of the writ. The language of the statute is plain and there is no room for construction." 322 Ill. at 405.

In *Moweaqua Coal Co.* the claimant did specifically raise the question of properly exhibiting a receipt by motion, and offered an affidavit to show that the costs were not paid until several months later. That the claimant here did not file a motion is not, we consider, relevant in determining whether the circuit court had jurisdiction. We believe that the record here demonstrates that the receipt was not exhibited to the clerk at the time the *praecipe* for the writ of *certiorari* was filed. The receipt was filed on February 26, 1969, two days beyond the expiration of the statutory 20-day period, and the receipt itself shows that it was prepared by the Industrial Commission on February 25, 1969, which also was after the period for filing the *praecipe* had expired.

*Republic Steel Corp.* v. *Industrial Com.*, 30 Ill.2d 311, did overrule *Village of Glencoe* insofar as *Glencoe* required written approval of a bond by the clerk. It did not affect the validity of the holding in *Village of Glencoe* relating to the mandatory nature of the requirements to obtain a writ of *certiorari*. In the *Village of Glencoe,* this court stated, as it had in *Moweaqua,* that "Proceedings under the Workmen's Compensation act are purely statutory. Compensation for injuries received by an employee was unknown at the common law. The jurisdiction conferred on the circuit and superior courts to review findings of the commission by *certiorari* is special. The writ of *certiorari* in this class of cases is not to be confused with the common law writ of *certiorari*. The powers of the court and the methods of procuring jurisdiction are specifically defined in the Workmen's Compensation act, and the courts can obtain jurisdiction only in the manner provided by that statute." 354 Ill. at 193.

Later in discussing whether the requirement of filing a

valid bond could be waived, which comments are also relevant to the question whether the requirement of exhibiting a receipt of cost before a writ *certiorari* will issue can be waived, this court stated at 196: "The question whether a court has jurisdiction of the subject matter is one always open, and the court may of its own motion dismiss the proceeding where want of such jurisdiction appears. * * * Counsel for the plaintiff in error have cited numerous cases in support of the contention that jurisdiction was conferred here. Some of these arose under the Practice act, and the holding was that formal insufficiencies in an appeal bond are not sufficient to prevent jurisdiction in the reviewing court. The defect here was not an informality in the execution of the bond but a failure to do that which the act required as a condition precedent to the issuance of a writ of *certiorari.* By the plain language of the statute no writ of *certiorari* is to issue unless the steps specifically required by the act are taken. Other cases cited hold that failure to raise before the Industrial Commission the objection that the stenographic report of the evidence taken by the arbitrator had not been filed within the time required by the statute constituted a waiver of the point. Those cases are not applicable to the question here, since the Industrial Commission has jurisdiction of the subject matter of the proceeding from the time of the filing of the application for compensation, and, of course, jurisdiction is not lost by reference to an arbitrator. Failure to file the stenographic report of the proceedings before the arbitrator within the time required by the act will prevent review if the point is raised in time, but it does not affect jurisdiction in the commission of the subject matter. Therefore that defect is one which can be waived by the act or failure of the party affected. (*Taylor Coal Co. v. Industrial Com.,* 301 Ill. 381.) Such is not the rule, however, where jurisdiction of the subject matter depends on compliance with the statute. In the case before us the question of jurisdiction of the court to review the award of the

commission is, as we have said, wholly statutory, and in the absence of complete compliance with the act jurisdiction of the subject matter is not obtained. The superior court therefore should have quashed the writ of *certiorari*. It was without jurisdiction to hear the case on its merits."

Since we believe that the record clearly reflects that the receipt for costs was not exhibited within the statutory period and that this requirement could not be waived, we must hold that the circuit court had no jurisdiction. Its judgment must be vacated and the cause remanded with directions to quash the writ of *certiorari*. Therefore, it is not necessary to consider the Lodge's contention relating to the trust deed, nor need we consider the other issues raised.

*Vacated and remanded,*
*with directions.*