Sears, Roebuck and Co., Plaintiff-Appellant, v. Industrial Commission of Illinois et al., Defendants-Appellees.

(No. 55513; ▮▮▮▮▮▮▮▮

First District—June 28, 1971.

Arnstein, Gluck, Weitzenfeld & Minow, of Chicago, (Arthur L. Klein and Paul L. Leeds, of counsel,) for appellant.

Kane, Doy & Harrington, of Chicago, (Arthur O. Kane, of counsel,) for appellees.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

This appeal is taken from an order entered by the circuit court quashing a writ of certiorari filed by Sears, Roebuck and Co., (hereinafter

"Sears") for review of a decision of the Industrial Commission affirming an award to the widow and minor children of James M. Wolverton (hereinafter "defendants"), and also denying Sears' petition for relief filed under Section 72 of the Civil Practice Act.

On June 8, 1970 the Industrial Commission affirmed the award to the defendants, and on July 7, 1970 Sears filed a writ of *certiorari* in the circuit court for a review of the Commission's decision, notice of which decision was received by Sears on June 10, 1970. A motion to quash the writ of *certiorari* was filed by the defendants, alleging that the circuit court was without jurisdiction of the subject matter because of Sears' failure to file the writ within twenty days of the receipt by Sears of the notice of the Commission's decision, as required by Section 19 (f) (1) of the Workmen's Compensation Act. (Ill. Rev. Stat. 1969, ch. 48, par. 138.19 (f) (1).)

Sears thereafter filed a petition, supported by affidavit of counsel, for relief under Section 72 of the Civil Practice Act on the grounds that the notice of the Commission's decision had been inadvertently mislaid for several days after receipt thereof by the office of Sears' attorneys, and that when the notice came to the attention of the attorney actually handling the matter, the writ of *certiorari* was immediately filed. Defendants responded to the petition, alleging that Section 72 relief is not applicable to Workmen's Compensation proceedings. On August 26, 1970 the circuit court quashed the writ of *certiorari* and denied Sears' petition for Section 72 relief. This appeal followed.

Section 19 of the Workmen's Compensation Act establishes the means of review of all decisions of the Industrial Commission. (Ill. Rev. Stat. 1969, ch. 48, par. 138.19.) Sub-section (f) (1) of Section 19 provides in part:

> "* * * the Circuit Court * * * shall by writ of *certiorari* to the Commission have power to review all questions of law and fact presented by such record.
>
> Such suit by writ of *certiorari* shall be commenced within 20 days of the receipt of notice of the decision of the Commission * * *."

■■ The filing of the writ of *certiorari* within 20 days of the receipt of the notice of the decision of the Commission is jurisdictional. In the recent case of *Peter H. Clark Lodge No. 483 v. Industrial Commission*, 48 Ill.2d 64, 268 N.E.2d 382, the Supreme Court held that the exhibition to the clerk of the circuit court of a receipt showing payment of the probable cost of the record to be filed in the matter was mandatory, and that the provision in Section 19 (f) (1) that no writ of *certiorari* may be filed or issued until such receipt is so exhibited created a lack of jurisdic-

tion in the circuit court where the record revealed that the receipt was not so exhibited within the 20-day period. The Court went on to quote, at page 384 of 268 N.E.2d, from the case of *Moweaqua Coal Mining and Manufacturing Co. v. Industrial Commission,* 322 Ill. 403:

> "The jurisdiction exercised by the circuit courts under the Workmen's Compensation Act is a special statutory jurisdiction, and the parties seeking a hearing in the circuit court under this statute must comply with all the conditions prescribed."

Quoting further from the case of *Village of Glencoe v. Industrial Commission,* 354 Ill. 190, the Court noted at page 385 of 268 N.E.2d:

> "In the case before us the question of jurisdiction of the court to review the award of the commission is, as we have said, wholly statutory, and in the absence of complete compliance with the act jurisdiction of the subject-matter is not obtained."

■■ The writ of *certiorari* in the instant case was filed beyond the 20-day limitation period set out in the Workmen's Compensation Act for the filing of such writs. It is clear that the circuit court did not acquire jurisdiction of the subject matter and that the case was in fact never before the circuit court.

■■ The filing of the petition under Section 72 of the Civil Practice Act did not and could not cure this jurisdictional defect. Section 19 of the Workmen's Compensation Act sets up the procedure by which decisions of the Commission are to be reviewed by the circuit court and Section 72 has no application to the perfecting of that review. There was no order, judgment or decree of any court from which relief under Section 72 could have been sought because the matter was never before any court. The "other proceedings, statutory or otherwise" contained in subsection (1) of Section 72 relate to proceedings such as applications for tax deeds (see *Urban v. Lois, Inc.,* 29 Ill.2d 542, 548-550), and not to such proceedings as in the instant case before the Industrial Commission. If the writ of *certiorari* had been properly and seasonably filed in the circuit court and the court had jurisdiction of the subject matter, an arguable question would arise as to the applicability of Section 72 to any subsequent order, judgment or decree of the court, inasmuch as the proceeding in the circuit court is a "statutory proceeding." (*Moweaqua Coal Mining and Manufacturing Co. v. Industrial Commission,* 322 Ill. 403.)

For these reasons the order of the circuit court appealed from is affirmed.

Order affirmed.

LYONS and GOLDBERG, JJ., concur.