(No. 47779.—)

RICHARD M. BOALBEY, Appellant, v. THE INDUS-
TRIAL COMMISSION *et al.*—(International Harvester
Company, Appellee.)

*Opinion filed April 5, 1977.*

Richard M. Boalbey, *pro se.*

Bozeman, Neighbour, Patton & Noe, of Moline, for
appellee.

MR. JUSTICE MORAN delivered the opinion of the
court:

Forty-two days after petitioner received a copy of the Industrial Commission's order denying reinstatement of his claims which had theretofore been dismissed for want of prosecution, petitioner, Richard M. Boalbey, filed for writ of *certiorari* in the circuit court of Rock Island County. Upon petitioner's acknowledgment in court that he had received such copy 42 days prior to filing, the circuit court granted the motion to quash presented by the respondent employer, International Harvester Company. Petitioner appeals, *pro se*, under Supreme Court Rule 302(a)(2) (58 Ill. 2d R. 302(a)(2)). He alleges that although the statute indicates a petitioner has 20 days in which to file for a writ of *certiorari* in the circuit court, the time permitted is actually discretionary with that court, and that here the trial court abused its discretion by dismissing his appeal.

Section 19(f)(1) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(f)(1)), in pertinent part, provides:

> "[T]he Circuit Court *** shall by writ of certiorari to the Commission have power to review all questions of law and fact presented by such record.
>
> Such suit by writ of certiorari shall be commenced within 20 days of the receipt of notice of the decision of the Commission."

This court has stated that the circuit court has special statutory jurisdiction to review a decision of the Industrial Commission (under section 19(f) of the Act), but that the court has only those powers conferred by the statute. (*Interlake Steel Corp. v. Industrial Com.* (1975), 60 Ill. 2d 255, 262; *Peter H. Clark Lodge No. 483 v. Industrial Com.* (1971), 48 Ill. 2d 64, 69, and cases cited therein.) The corollary to the above proposition is that compliance with the statutorily prescribed conditions is necessary before the circuit court obtains subject matter jurisdiction. *Peter H. Clark Lodge No. 483 v. Industrial Com.* (1971), 48 Ill. 2d 64, 70, 71; *Moweaqua Coal Mining & Manufacturing Co. v. Industrial Com.* (1926), 322 Ill. 403, 405.

In the case of *Berry v. Industrial Com.* (1973), 55 Ill. 2d 274, the circuit court's review was sought under section 19(f) of the Act. Section 19(f)(2) of the Act provides, in essence, that no praecipe for writ of *certiorari* may be filed and no writ of *certiorari* issued unless the party seeking review exhibits to the clerk of the circuit court a receipt showing payment of a sum, determined by the Industrial Commission, sufficient to cover the Commission's cost of preparing the record. The purpose of the statute was to coerce the payment of the above amount, which payment is the precondition to the filing of the writ. The court held that the statutory requirement was met when the costs have been paid within the statutory time limit, and the clerk has been satisfied that they have been paid by receiving the actual receipt issued to the attorney, a letter or telegram from the Commission, or, as in that case, a copy of the attorney's cost transmittal letter to the Commission followed by the Commission's verification that the costs were timely received. We concluded that the result reached was in keeping with an earlier pronouncement that the "tendency is to simplify procedure, to honor substance over form, and to prevent technicalities from depriving a party of the right to be heard." *Berry v. Industrial Com.* (1973), 55 Ill. 274, 278.

Unlike the requirement for proof of bond in *Berry*, the purpose of which could be satisfied by alternative means, the instant requirement that a petitioner file for a writ of *certiorari* within a certain time period may, by its nature, only be satisfied by literal compliance. (*Cf. Berry v. Industrial Com.* (1973), 55 Ill. 274, 278.) The instant case is more in keeping with *Clark Lodge*, cited above. *Clark*, like *Berry*, involved the cost-payment provision of section 19(f) of the Act. In *Clark* the evidence revealed that the costs were not in fact paid until the day after the expiration of the 20-day limit. We cited with approval the following language from *Village of Glencoe v. Industrial Com.* (1933), 354 Ill. 190:

220

"The defect here was not an informality in the execution of the bond but a failure to do that which the act required as a condition precedent to the issuance of a writ of *certiorari*." *Peter H. Clark Lodge No. 483 v. Industrial Com.* (1971), 48 Ill. 2d 64, 70.

We therefore hold that the circuit court correctly dismissed the proceeding since it did not have jurisdiction due to the petitioner's failure to file for writ of *certiorari* within the prescribed 20-day limit. (*Sears, Roebuck & Co. v. Industrial Com.* (1971), 133 Ill. App. 2d 439.) This conclusion renders it unnecessary for us to consider other matters raised by the petitioner.

The trial court's order of dismissal is affirmed.

*Judgment affirmed.*