(No. 54946.—)

FREDRICK A. SIMPSON, Appellant, v. THE INDUS-TRIAL COMMISSION *et al.* (Martin-Marietta Corporation, Appellee).

*Opinion filed June 1, 1982.—Rehearing denied October 1, 1982.*

Elmo E. Koos, of Peoria, for appellant.

Heyl, Royster, Voelker & Allen, of Peoria (Rex K. Linder and Robert E. Nesemann, of counsel), for appellee.

Harold A. Katz, Jerome Schur, Warren E. Eagle, and David E. Rapoport, of Katz, Friedman, Schur & Eagle, of Chicago, for *amicus curiae* James L. Wright.

JUSTICE UNDERWOOD delivered the opinion of the court:

In this workmen's compensation case (Ill. Rev. Stat. 1975, ch. 48, par. 138.1 *et seq.*) claimant, Fredrick A. Simpson, appeals under Rule 302(a) (73 Ill. 2d R. 302(a)) from a judgment of the circuit court of Peoria County confirming the Industrial Commission's award of compensation for 85% loss of the use of his right arm. While he argues that error was committed by the Commission in reducing the arbitrator's award, jurisdictional defects preclude our reaching the merits of those arguments.

The case was twice earlier before both the Industrial Commission and the circuit court. The circuit court initially remanded to the Commission to determine whether a health and safety·regulation, promulgated by the Commission pursuant to the Health and Safety Act (Ill. Rev. Stat. 1975, ch. 48, par. 137.1 *et seq.*), had been violated. The arbitrator had awarded penalties under section 19(m) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(m)), apparently for such a violation, but the Commission had set the penalty aside, without comment, in its original decision on review, and the particular

regulation was not in the record. Following that remand the Commission affirmed its earlier injury award but held that on June 30, 1975, its authority to enforce the Illinois Health and Safety Act was effectively preempted by the Federal Occupational Safety and Health Act (29 U.S.C. sec. 651 *et seq.* (1976).) The circuit court confirmed this second decision, and it is that judgment from which this appeal was taken.

On the 21st day following his receipt of the Commission's first decision (the 20th day being a Sunday), claimant's counsel filed a motion captioned:

"Motion to Vacate Decision on Review to Reconsider Portions Thereof; To Amend and Increase the Amounts of Disability Therein, Including Penalty; and For Rehearing."

The motion contained seven paragraphs. The first three recited that the arbitrator had made an award under section 19(m) for violation of a safety regulation and through "scrivener's error or inadvertence" the Commission's opinion did not mention it. The other paragraphs dealt with other aspects of the arbitrator's award and stated that the Commission's decision on review was contrary to the evidence and the law. Respondent moved to dismiss or deny, urging that no authority for such motion existed. The Commission denied the motion, and claimant filed a request for *certiorari* in the circuit court.

Section 19(f) provides the only method of recalling or correcting a Commission decision. (*Wilson-Raymond Constructors Co. v. Industrial Com.* (1980), 79 Ill. 2d 45, 56.) It provides:

"(f) The decision of the Commission acting within its powers, according to the provisions of paragraph (e) of this Section shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph hereinafter provided. However, the Arbitrator or the Commission may on his or its own motion, or on the motion of either party, correct any clerical error or errors in computation within 15 days after

the date of receipt of any award by such Arbitrator or any decision on review of the Commission and shall have the power to recall the original award on arbitration or decision on review, and issue in lieu thereof such corrected award or decision. Where such correction is made the time for appeal or review herein specified shall begin to run from the date of the receipt of the corrected award or decision." (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(f).)

Claimant's motion does characterize as a "scrivener's error" the omission from the Commission order of any mention of the arbitrator's award under section 19(m). However, if, despite its caption and content, that motion could somehow be construed as proper under section 19(f), it must fail because it was not filed within the specified 15-day time frame.

Claimant argues that the motion was filed under section 19(e) (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(e)) and "was predicated primarily on the fact that the first Decision on Review was contrary to the law and the facts." In support of this theory he offers as his only authority the fact that the Commission, rather than dismissing his motion, denied it. Section 19(e), however, contains no provision for recalling a Commission decision or for rehearing. It does provide that a party may submit up to five questions of law or fact to the Commission and request findings thereon, and also affords a method for obtaining an authenticated transcript of evidence of the proceedings before the Commission. Nothing therein suggests that the time for seeking *certiorari*, a 20-day period running from receipt of the decision on review (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(f)(1)), is tolled under its provisions. Only a section 19(f) motion results in such tolling. *International Harvester v. Industrial Com.* (1978), 71 Ill. 2d 180.

Since claimant's motion, even if considered to qualify under section 19(f), was filed too late, it was a nullity and did not serve to toll the time for filing a petition for writ of *certiorari*. (*Wilson-Raymond Constructors Co. v. Industrial Com.* (1980), 79 Ill. 2d 45, 56.) Consequently at the

expiration of the 20-day period computed from petitioner's receipt of the decision on review, that decision became conclusive under section 19(f), and the circuit court had no jurisdiction to issue the writ. (*Boalbey v. Industrial Com.* (1977), 66 Ill. 2d 217; see also *Perusky v. Industrial Com.* (1978), 72 Ill. 2d 299, 301.) Since the circuit court never acquired jurisdiction to review the initial decision of the Commission, it became final and conclusive and the proceedings subsequent thereto were nullities.

Accordingly, respondent's motion to dismiss this appeal, which was taken with the case, is granted.

*Appeal dismissed.*