EDWARD E. BEASLEY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (E & B Coal Company, Appellee).

Fifth District (Industrial Commission Division)   No. 5—88—0779WC

Opinion filed June 7, 1990.

BARRY, P.J., specially concurring.

Edward J. Kionka, of Carbondale, and Thomas F. Crosby, of Winters, Brewster, Murphy, Crosby & Patchett, of Marion, for appellant.

William Lemp, of Keefe & DePauli, P.C., of Fairview Heights, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Claimant, Edward E. Beasley, sought worker's compensation benefits following an alleged back injury suffered while working for respondent E & B Coal Company. An arbitrator awarded no benefits after finding that claimant failed to prove he sustained accidental injuries arising out of and in the course of his employment by respondent. The Industrial Commission (Commission) upheld the arbitrator's findings and decision. Claimant appealed.

Judge Howerton of the circuit court of Williamson County found the Commission's decision was against the manifest weight of the evidence. The court reversed the Commission's decision and remanded with directions to determine the extent and period of disability.

On remand, the Commission awarded claimant $266.66 per week for life for a total permanent disability, plus $26,010 for medical expenses. Respondent appealed.

Judge Nelson of the circuit court of Williamson County reversed. He found subject-matter jurisdiction was lacking in the matter before Judge Howerton because claimant failed to physically display to the clerk of the circuit court a receipt for payment of the cost of the transcript of the arbitration proceedings. Thus, the court reinstated the original decision of the Commission, awarding no benefits. Claimant now appeals to this court, contending that subject-matter jurisdiction existed and that the evidence mandates a finding that he suffered a compensable injury.

On February 15, 1982, claimant worked as a dragline operator for respondent. Claimant testified that on that day, he and his brother were lifting a 200-pound box when claimant felt a pain in his shoulder and right leg. He continued his work and did not report the injury to respondent.

Ten days later, petitioner saw Dr. Edward Corder, who believed that the condition could be multiple sclerosis, from which claimant's sister suffered, or amyotrophic lateral sclerosis. Other physicians later diagnosed the condition as a herniated disc, and a discectomy was performed on March 15, 1982. It was then that claimant "first realized that the lifting incident on February 15 was responsible for his condition." Several weeks later, he notified respondent that the injury was work related.

On September 30, 1982, Dr. Michael Murphy performed a laminectomy. Claimant has not worked since that time. There is no dispute

that claimant is permanently and totally disabled.

On May 19, 1983, the arbitrator issued a decision awarding no benefits. On May 2, 1984, the Commission issued a decision affirming the arbitrator's decision. On July 31, 1984, the Commission entered its written decision.

On August 14, 1984, claimant filed for review with the circuit court. However, he did not file with his review a receipt for the transcript of the arbitration proceedings. On September 27, 1984, claimant filed that receipt, showing that payment had been made on August 16, 1984.

On March 26, 1985, Judge Howerton reversed the decision of the Commission, finding it was against the manifest weight of the evidence. The court also denied respondent's motion to dismiss the appeal for claimant's failure to comply with the jurisdictional requirements of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1983, ch. 48, par. 138.1 *et seq.*).

On remand, claimant filed a motion pursuant to section 20 of the Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.20) to have him declared a poor person. The Commission granted the petition, relating it back to February 1982.

In its written decision of January 7, 1988, the Commission found that claimant was permanently and totally disabled. The Commission awarded benefits and medical expenses. It denied a claim for rehabilitation.

On September 26, 1988, Judge Nelson found that claimant had failed to perfect the original review into the circuit court, and thus, that all proceedings following the original 1984 decision of the Commission were void.

On appeal, claimant challenges Judge Nelson's finding that no subject-matter jurisdiction existed.

■ Section 19(f)(1) of the Act mandates that in its decision the Commission shall determine the amount of probable cost of the record. "[N]o request for a summons may be filed and no summons shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the Circuit Court a receipt showing payment of the sums so determined to the Secretary or Assistant Secretary of the Commission, except as otherwise provided by Section 20 of this Act." Ill. Rev. Stat. 1983, ch. 48, par. 138.19(f)(1) (fourth paragraph).

In the present case, the Commission issued a written decision denying benefits on July 31, 1984. Claimant filed for review in the circuit court within 20 days. However, he failed to file with his review

"a receipt showing payment" as provided in section 19(f)(1). On September 27, 1984, after the 20-day period had run, claimant filed the receipt. Thus, the circuit court clerk issued the summons prior to claimant's having exhibited or filed a receipt proving payment of the probable cost of the record on appeal.

■ Proceedings under the Workers' Compensation Act are purely statutory, and courts can obtain jurisdiction only in the manner provided by that Act. (*Peter H. Clark Lodge No. 483 v. Industrial Comm'n* (1971), 48 Ill. 2d 64, 268 N.E.2d 382; *Malone v. Industrial Comm'n* (1986), 141 Ill. App. 3d 116, 489 N.E.2d 1167.) Thus, statutory requirements for the circuit court's subject-matter jurisdiction under the Act demand strict compliance. (*Arrington v. Industrial Comm'n* (1983), 96 Ill. 2d 505, 451 N.E.2d 866.) Proof of the court's jurisdiction must affirmatively appear in the record. (*Arrington v. Industrial Comm'n*, 96 Ill. 2d 505, 451 N.E.2d 866.) Absent that proof, no jurisdiction exists. *Wabash Area Development, Inc. v. Industrial Comm'n* (1981), 88 Ill. 2d 392, 430 N.E.2d 1002.

Claimant has conceded that on March 5, 1985, when Judge Howerton denied respondent's motion to dismiss for lack of jurisdiction, the circuit court in fact had no jurisdiction. Claimant admits that his failure to exhibit to the clerk a receipt within the 20-day period under section 19(f)(1) deprives the court of subject-matter jurisdiction. See *McGehee v. Industrial Comm'n* (1987), 160 Ill. App. 3d 618, 513 N.E.2d 1136.

■ Consequently, at the expiration of the 20-day period the Commission's decision denying all benefits became conclusive under section 19(f), and the circuit court had no jurisdiction to issue the summons. (*Boalbey v. Industrial Comm'n* (1977), 66 Ill. 2d 217, 362 N.E.2d 286.) Since the trial court never acquired jurisdiction to review the initial decision of the Commission, the proceedings following the Commission's decision were nullities. (See *Simpson v. Industrial Comm'n* (1982), 91 Ill. 2d 452, 440 N.E.2d 94 (20-day period ran prior to petitioner's filing for review, and thus, everything following Commission's original decision, including the trial court's remand order, Commission's decision on remand, and second trial court order, were all nullities); *Chambers v. Industrial Comm'n* (1985), 132 Ill. App. 3d 891, 478 N.E.2d 498 (20-day period ran prior to claimant's filing for review, and therefore, trial court's remand order, Commission's second order, and trial court's confirming order were void for lack of jurisdiction).) Thus, Judge Howerton's order reversing the Commission's original decision and remanding with directions to award benefits was void. Similarly, the Commission's decision on remand, award-

ing benefits, was void.

Claimant argues however, that whether he "complied with all the technical requirements connected with the payment of that fee [in August 1984] becomes moot" when the Commission declared him a pauper in November 1986 and related the order back to 1982. Thus, he contends the Commission retroactively excused him from the section 19(f)(1) requirements.

We reject claimant's argument for several reasons.

■■ ■ The appeal process is relatively simple. After receiving the Commission's decision, an appealing party must complete several tasks within a 20-day time period. First, he must read the portion of the Commission's decision stating the "amount of the probable cost of the record to be filed as a part of the summons." (Ill. Rev. Stat. 1983, ch. 48, par. 138.19(f)(1) (fourth paragraph).) Then he must pay that fee to the Commission and obtain a receipt. Next he must bring the receipt to the clerk of the circuit court and "exhibit" it as proof of payment. Without the exhibition of the receipt, the clerk is prohibited from issuing a summons to the Commission. Ill. Rev. Stat. 1983, ch. 48, par. 138.19(f)(1) (fourth paragraph).

The clerk then issues a summons, which thereby commences the proceeding for review within the 20-day period, triggering the Commission's duty to certify the record of its proceedings to the circuit court. Ill. Rev. Stat. 1983, ch. 48, par. 138.19(f)(1) (third paragraph).

Section 19(f)(1) refers to the section 20 fee exception in three places. Significantly, those three references all trace back to the time requirement of filing the receipt within the 20-day time period after receiving the Commission's decision.

Section 19(f)(1) provides that within the 20-day period, "no summons shall issue unless the party *** shall exhibit to the clerk of the Circuit Court a receipt showing payment of the sums *** except as otherwise provided by Section 20 of this Act." Ill. Rev. Stat. 1983, ch. 48, par. 138.19(f)(1) (fourth paragraph).

Section 19(f)(1) provides that within the 20-day period, the summons shall issue and then "[i]t shall be the duty of the Commission upon such payment, or failure to pay as permitted under Section 20 of this Act, to prepare *** such record." Ill. Rev. Stat. 1983, ch. 48, par. 138.19(f)(1) (third paragraph).

Conversely, section 19(f)(1) provides that if, within the 20-day period, there is no payment and the summons does not issue, "[t]he Commission shall not be required to certify the record of their proceedings to the Circuit Court [absent such payment] *** except as otherwise provided by Section 20 of this Act." Ill. Rev. Stat. 1983, ch. 48, par.

138.19(f)(1) (third paragraph).

Thus, in section 19(f)(1), every provision traces back to the 20-day period. Our reading of the statute indicates that section 19(f)'s provision regarding the section 20 waiver of fees also refers back to the 20-day period. To construe the statute otherwise would mean a claimant could file a pauper petition at any time in order to evade the section 19 filing fee requirements.

■ While it may sometimes be proper on appeal to correct a mistake, it is not permitted to belatedly supply an essential jurisdictional requirement. Claimant here cannot attempt to cure a jurisdictional flaw after the expiration of the 20-day period. His attempt was ineffectual and no jurisdiction was conferred. See *Sears, Roebuck & Co. v. Industrial Comm'n* (1971), 133 Ill. App. 2d 439, 273 N.E.2d 725 (no jurisdiction where 20-day limit ran before employer filed for review; employer's later filing of counsel's affidavit that notice of Commission's decision was mislaid cannot serve to cure defect retroactively) (cited in *Boalbey v. Industrial Comm'n* (1977), 66 Ill. 2d 217, 362 N.E.2d 286); see also *Fortson v. Industrial Comm'n* (1989), 184 Ill. App. 3d 794, 540 N.E.2d 815 (claimant's *pending* section 20 motion seeking relief from payment of the record preparation fee did not excuse claimant from compliance with the section 19(f)(1) requirement that the fee be paid before filing for review in the circuit court); *Lipkin v. Roxy Cleaners & Laundry, Inc.* (Fla. 1953), 67 So. 2d 660 (in worker's compensation case, party could not attempt to cure failure to name return day for summons in notice of appeal *after* expiration of time to appeal; no jurisdiction was conferred).

In *Village of Glencoe v. Industrial Comm'n* (1933), 354 Ill. 190, 188 N.E. 329, the court held that the clerk's formal written approval of the sureties on the bond was necessary before the circuit court had jurisdiction. Later, in *Republic Steel Corp. v. Industrial Comm'n* (1964), 30 Ill. 2d 311, 196 N.E.2d 654, the court overruled *Glencoe* and held that formal written approval of the sureties was not necessary. However, the court in *Republic Steel* did not disturb the holding in *Glencoe* that a party cannot go back to the circuit court clerk 10 months after filing an appeal and attempt to cure a jurisdictional defect. During the 10 months prior to that attempt, the trial court had a record showing no jurisdiction and the court "could not by a *nunc pro tunc* order confer jurisdiction *** on itself. Neither could an affidavit [of the court clerk stating he did in fact approve the bond but merely forgot to sign the endorsement] be made effective [retroactively] for such purpose." *Village of Glencoe*, 354 Ill. at 195, 188 N.E. at 332.

Furthermore, the Commission was in an unusual position when it

granted the section 20 pauper petition in November 1986. The trial court had already determined that jurisdiction was conferred upon it, notwithstanding claimant's failure to exhibit the receipt to the court clerk. The trial court then remanded with directions that the Commission award benefits. The Commission is absolutely bound by the circuit court's directions on remand. It is bound by both the rules of law announced and the directions given by the court. *Stockton v. Industrial Comm'n* (1977), 69 Ill. 2d 120, 370 N.E.2d 548.

The commissioner hearing the case on remand indicated that the Commission could not address the jurisdiction question.

"RESPONDENT'S ATTORNEY: I would also object to Petitioner's motion relating a poor person as it goes back to February 28, 1982. I don't know the exact purpose of the motion, but if it is an attempt to justify not having paid the filing fee or not having filed—.

CLAIMANT'S ATTORNEY: Objection to the argument here.

RESPONDENT'S ATTORNEY: I would like to state my objection.

COMMISSIONER: What's February of '82?

RESPONDENT'S ATTORNEY: His motion states that he would like to have this person declared a poor person retroactive to February of '82. My objection to that is if that's intended to circumvent the requirements of section 19, in not filing the payment or not filing necessary affidavit, then it's our position that that would be improper and an attempt to retroactively correct an error in filing and that would be against both the intent of 19 and 20.

COMMISSIONER: Well, I don't know, that issue really isn't before me. The proper filing and the jurisdiction, that's been decided by the Court and they sent the case back for us to decide again. So, you know, certainly that's not going to be disturbed by the Commission.

RESPONDENT'S ATTORNEY: I just want to renew my objections for purposes of appeal. And also that you know of our objection to his motion pursuant to section 20.

COMMISSIONER: I guess I'm asking you what that has to do, I haven't looked at the petition pursuant to section 20, frankly I just saw it was here. But let's go off the record a minute so I can read it. (Off the record discussion was had.)

COMMISSIONER: Back on the record. Do you want to call your witness in support of the petition?

\* \* \*

RESPONDENT'S ATTORNEY: I will again just so I don't have to keep interrupting, to make my position clear, I just want to state that any poor person petition going retroactively as far as any jurisdictional evidence I object to. I know it's not your place to decide that but I am just preserving my record on appeal. And also if that is the intent I don't know why this evidence wasn't put on before.

CLAIMANT'S ATTORNEY: Excuse me, this speaks for itself and we're not on appeal."

Thus, upon presentation of the petition for pauper status, the Commission could not refuse to grant the petition if the financial requirements were met.

Moreover, the Commission's waiving the fee requirement would have no effect after the time when it no longer has jurisdiction. See *Sweitzer v. Industrial Comm'n* (1946), 394 Ill. 141, 68 N.E.2d 290 (no petition for review filed, and therefore Commission's granting extension past 20-day time period was ineffectual).

We recognize that section 20 provides the petition can be *approved* by the Commission at any time. The Commission can, "before or after any hearing, proceeding or review to any court" be satisfied that the person cannot pay costs. (Ill. Rev. Stat. 1983, ch. 48, par. 138.20.) Moreover, section 20 must permit the approval at any time, because a person can become unable to pay costs, *e.g.*, at the time he seeks review from the Commission's second decision on remand from the circuit court. Worker's compensation proceedings often extend for a number of years, during which time many things can happen to affect a claimant's financial status. We do not believe, however, that this means section 20 can be used to retroactively cure jurisdictional defects.

■ Notwithstanding our holding that no jurisdiction existed for review of the Commission's original order, we go on to find that even with jurisdiction, we would hold that the Commission's original decision to deny all benefits was not against the manifest weight of the evidence, and thus, would not be disturbed by this court. See *Odie v. Industrial Comm'n* (1982), 88 Ill. 2d 514, 431 N.E.2d 374.

Most notably, as to causal connection between the disability and any possible work accident, Dr. Welch opined that the cause was undetermined. Neither Dr. Corder nor Dr. Welch was given a history of injury from claimant. Respondent was not informed of an injury. Dr. Kuhlman, an orthopedic surgeon, testified that the ankle clonus which now disables claimant was "totally unrelated" to the alleged injury of

February 15, 1982. Instead, the clonus was due to a progressive neurological problem resulting from an underlying degenerative condition of the nervous system. While Dr. Murphy found some causal connection, the Commission was not required to accept his opinion over that of the other medical evidence.

For the foregoing reasons, the judgment of Judge Nelson of the circuit court of Williamson County finding that subject-matter jurisdiction was lacking is affirmed, and the original order of the Industrial Commission awarding no benefits, is reinstated.

Judgment affirmed.

WOODWARD, McCULLOUGH, and LEWIS, JJ., concur.

PRESIDING JUSTICE BARRY, specially concurring:

I agree with my colleagues' determination that petitioner's failure to comply with section 19(f)(1) of the Workers' Compensation Act mandates an affirmance of the circuit court's disposition here. The facts presented in this case fall far short of the "unique circumstances" that inspired my dissent in *Fortson v. Industrial Comm'n* (1989), 184 Ill. App. 3d 794, 540 N.E.2d 815. In *Fortson,* it was clear that petitioner had made *bona fide* efforts to timely comply with sections 19 and 20, but was thwarted in her efforts by circumstances outside her control. By contrast, the exception petitioner Beasley seeks to establish would effectively obviate the 20-day jurisdictional limitation, as noted by the majority in this case.

In my opinion, this court's resolution of the jurisdictional question amply disposes of the appeal. The majority's gratuitous comments thereafter upon the merits of the Commission's original decision to deny compensation are pure *obiter dicta* to which I do not subscribe.