CLARENCE JACKSON, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Amway Corporation, Inc., Appellee).

Fourth District   No. 4—98—0383WC

Opinion filed October 22, 1999.

McCULLOUGH, P.J., specially concurring.

Clarence Jackson, of Decatur, appellant *pro se*.

John E. Childress, of Brown, Hay & Stephens, of Springfield, for appellee.

JUSTICE HOLDRIDGE delivered the opinion of the court:

Claimant, Clarence Jackson, filed a claim pursuant to the Workers' Compensation Act (the Act) (820 ILCS 305/1 *et seq.* (West 1996)) seeking compensation for injuries he sustained to his right knee and back on May 1, 1996, while advertising products of Amway Corporation, Inc. (Amway). Claimant filed a petition for immediate hearing, which the arbitrator determined was procedurally deficient. The arbitrator found that claimant was not an "employee" of Amway as defined by the Act (820 ILCS 305/1(b) (West 1996)) and dismissed his petition and claim. The Illinois Industrial Commission (the Commission) affirmed the arbitrator's dismissal. The circuit court of Sangamon County found that claimant failed to invoke its jurisdiction, and it dismissed and struck his appeal. The sole issue on appeal concerns whether the circuit court erred in finding that claimant failed to invoke its jurisdiction.

Following the Commission's affirmance and adoption of the arbitrator's decision on February 27, 1998, claimant filed a request for summons in the circuit court, along with an application to sue or defend as a poor person, which the court denied. A bill of costs was forwarded to claimant in the amount of $88 for costs associated with the prosecution of his appeal. On March 23, 1998, the circuit clerk filed a certificate of mailing concerning the issuance of summons.

At an April 20, 1998, hearing before the circuit court, claimant failed to appear. Based on a finding that, at the time he filed his request for summons, claimant failed to present proof of payment of the costs associated with the preparation of the record by the Commission, the circuit court held that claimant failed to invoke its jurisdiction. The court directed Amway to prepare an order which struck the pleadings filed in claimant's cause, enjoined him from further filings in this matter, and closed his case. The order was subsequently executed and entered on April 28, 1998.

On April 22, 1998, two days after the court's ruling, claimant filed a pleading entitled "notice of cost and bond waiver," wherein he asserted *in forma pauperis* status pursuant to section 20 of the Act (820 ILCS 305/20 (West 1996)). Attached to this notice was a receipt from the Commission that evidenced section 20 status was granted to him on March 13, 1998. Claimant maintains on appeal that jurisdiction of the circuit court was invoked when the Commission granted him section 20 status. We agree.

■ It is well settled that jurisdiction of the circuit court to review the Commission's decision is statutorily created, and parties must adhere to statutory conditions in order to confer jurisdiction upon the circuit court. *Beasley v. Industrial Comm'n*, 198 Ill. App. 3d 460, 464, 555 N.E.2d 1172, 1174 (1990).

■ Section 19(f)(1) of the Act requires, in pertinent part:

"A proceeding for review shall be commenced within 20 days of the receipt of notice of the decision of the Commission. ***

The Commission shall not be required to certify the record of their proceedings to the Circuit Court, unless the party commencing the proceedings for review in the Circuit Court[,] as above provided, shall pay to the Commission the sum of 80 [cents] per page of testimony taken before the Commission, and 35 [cents] per page of all other matters contained in such record, except as otherwise provided by Section 20 of this Act. ***

In its decision on review the Commission shall determine in each particular case the amount of the probable cost of the record to be filed as a part of the summons in that case[,] and no request for a summons may be filed and no summons shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the Circuit Court proof of payment by filing a receipt showing payment or an affidavit of the attorney setting forth that payment has been made of the sums so determined ***, *except as otherwise provided by Section 20 of this Act*." (Emphasis added.) 820 ILCS 305/19(f)(1) (West 1996).

Section 20 of the Act provides that if the Commission finds that an employee is a poor person, unable to pay costs and expenses of an

appeal, it will allow the employee to have all the rights and remedies provided by the Act, including the issuance and service of summons, without the filing of a bond or payment of any of the costs provided for by the Act. Importantly, section 20 is silent as to any "proof of payment" requirement concerning the cost of the Commission's record prior to the circuit court issuing summons. See 820 ILCS 305/20 (West 1996).

■ Here, claimant's request for summons was filed on March 11, 1998, well within 20 days of the Commission's decision. Although claimant's request indicated that he had "been granted a waiver of costs and bond" pursuant to section 20, no documentary evidence accompanied his request to prove that the Commission had granted such a waiver of payment. It was not until April 22, 1998, two days after the court's ruling, and 44 days after the Commission's decision, that claimant filed his receipt from the Commission showing his account was granted section 20 status as of March 13, 1998, well within 20 days of the Commission's decision.

Based upon the late filing of this receipt, the employer contends, and the circuit court so found, that claimant failed to satisfy the "proof of payment" requirement of section 19(f)(1) at the time he filed his request for summons, and, therefore, he failed to invoke the circuit court's jurisdiction. We disagree, as we find that section 20 is an exception to the "proof of payment" requirement of section 19(f)(1).

Section 19(f)(1) provides that one "shall exhibit to the clerk of the Circuit Court proof of payment by filing a receipt showing payment or an affidavit of the attorney setting forth that payment has been made ***, *except as otherwise provided by Section 20 of this Act.*" (Emphasis added.) 820 ILCS 305/19(f)(1) (West 1996).

Here, claimant's section 20 status, granted on March 13, 1998, well within 20 days of the Commission's decision, allowed him to fall within the "exception" to the "proof of payment" requirement of section 19(f)(1). Section 20 of the Act provided to claimant, as a poor person who was granted section 20 status on March 13, 1998, all of the rights under the Act, as of that date, and "without the filing of a bond for costs and without the payment of any of the costs provided for by this Act." 820 ILCS 305/20 (West 1996). Importantly, section 20 is silent as to any "proof of payment" requirement, and, therefore, the "proof of payment" requirement found in section 19(f)(1) is inapplicable.

Under these circumstances, we find that because claimant was granted section 20 status within 20 days of the Commission's decision, he fell within the exception to the "proof of payment" requirement of section 19(f)(1), and, therefore, the circuit court's jurisdiction was invoked.

Based on the foregoing, we reverse the circuit court of Sangamon County's dismissal of claimant's appeal and remand the cause for proceedings consistent with this disposition.

Reversed and remanded.

COLWELL, RAKOWSKI, and RARICK, JJ., concur.

PRESIDING JUSTICE McCULLOUGH, specially concurring:

On September 30, 1997, the arbitrator's order denying the claimant's application for benefits was filed. The Commission gave notice of the decision to all the parties. The notice also notified all of the parties that any request for review must be filed within 30 days, together with certification that payment for cost of the transcript in the amount of $50 has been made. The claimant sought review before the Commission. With his petition for review, filed October 2, 1997, he attached an affidavit requesting waiver of costs. On one of these documents is written "Instructed to treat this as a § 1/20." The record does not show any payment of the $50 cost set by the Commission or any objection by Amway that payment had not been made. However, the record does show the transcript was filed with the Commission on November 4, 1997. The Commission affirmed the arbitrator's order on February 27, 1998.

On March 11, 1998, the claimant filed a request for summons and application to sue as a poor person. The request stated that claimant had been granted a waiver of costs and bond pursuant to section 20. It also listed the parties to be served, naming claimant, the secretary of the Industrial Commission, the chairman of the Industrial Commission, attorney John E. Childress for Amway, and Caroll David, attorney for Amway. A bill for costs in the amount of $88, dated March 12, 1998, is shown in the record. An entry dated March 20, 1998, shows the application to sue was denied by the trial court.

Amway, by its attorney, entered a general appearance on March 25, 1998. On March 31, 1998, Amway filed a motion requesting a scheduling order for submitting briefs and a date for oral argument. No pleading seeking to dismiss for failure to pay costs was filed. On that date, March 31, 1998, Amway also filed a notice of hearing for April 20, 1998, at 1:30 p.m., showing service by mail to claimant. An amended notice of hearing with proof of service was filed that same day, setting the scheduling hearing at 9:45 a.m. on April 20, 1998. The amended notice set forth that the time of hearing had been changed.

On April 15, 1998, Amway filed a motion to strike only with respect to a document filed by claimant on April 10, 1998, a medical cer-

tification of disability. The motion to strike did not suggest claimant's petition for review should be stricken for failing to pay costs. Amway, on April 15, 1998, also gave notice to claimant that the motion to strike would be heard on April 20, 1998, at 9:45 a.m. On April 20, 1998, the docket sheet shows "Present attorney Childress. Motion to strike allowed. Attorney Childress to prepare written order. Cause stricken."

I do not agree with the majority in its recitation that the trial court, on April 20, 1998, dismissed the review proceeding because claimant failed to present proof of payment of costs. Although the docket entry shows the cause was stricken, there is nothing in the record to suggest anything other than Amway's motion to strike the pleading filed by claimant on April 10 was heard by the trial court. On April 22, 1998, claimant filed a "notice of cost and bond waiver." Attached was a Commission receipt showing claimant's section 20 status, dated March 13, 1998. The claimant certified that a copy of this notice was sent to Amway's attorney on April 20, 1998.

On April 27, 1998, Amway's attorney wrote to the trial court, forwarding a proposed order. On April 28, 1998, the trial court entered the proposed order. The order, as prepared and submitted, was entered without modification. This order goes far beyond the docket entry of April 20, 1998, directing Amway's attorney to prepare an order granting the motion to strike claimant's April 15, 1998, filing. The April 28 order found claimant failed to exhibit proof of payment to the Industrial Commission for the cost of the record. Without explanation, the order finds summons never issued to Amway. This finding is not correct. The record shows Amway was served by the circuit clerk. In addition, it is noted Amway made a general entry of appearance on March 25, 1998.

The question of whether the petition for review should be dismissed for failure to pay costs was never before the trial court. Amway never filed a motion, and the record does not show the trial court conducted any hearing, on the asserted failure to pay costs. Because of this, and because the record now shows a March 13, 1998, section 20 receipt, the trial court's order should be reversed. Here, it appears even the Commission's review proceedings' costs were waived, and Amway should be charged with knowledge of the same. I agree that section 20 is an exception to the proof of payment requirement of section 19(f)(1). The question of whether a party has timely section 20 status is easily addressed by an opponent's motion.