GLEN F. CHAMBERS, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Kirk & Blum, Appellant).

First District (Industrial Commission Division)  No. 1—84—1486WC

Opinion filed April 24, 1985.

Gifford, Detuno & Gifford, Ltd., of Chicago (Scott T. Schreiber, of counsel), for appellant.

Anesi, Ozmon, Lewin & Associates, Ltd., of Chicago (Richard A. Lewin and Douglas A. Colby, of counsel), for appellee.

JUSTICE BARRY delivered the opinion of the court:

The plaintiff employer, Kirk & Blum, appeals from an order of the circuit court awarding benefits to the claimant, Glen F. Chambers, for

permanent total disability under the Workmen's Compensation Act (Ill. Rev. Stat. 1965, ch. 48, par. 138.1 *et seq.*) (hereafter the Act). The sole issue on appeal is whether the circuit court had jurisdiction to review the cause. We reverse.

The facts in the instant case are not disputed. The claimant was a sheet metal worker employed by Kirk & Blum. On June 28, 1966, the claimant was struck by a sheet of metal which lacerated his left leg to the bone. Despite treatment, the wound failed to heal. Ultimately, skin was taken from his right leg for a graft over the wound. During the period from 1970 to 1978, the claimant was hospitalized for at least eight surgeries.

The arbitrator initially awarded benefits for temporary total disability and for permanent 40% loss of use of both legs. This award was entered June 30, 1970. Both the claimant and the employer sought review of the arbitrator's award. From 1970 to 1978, the claimant sought and received several continuances, allegedly necessitated by continuing problems with his leg. In requesting these continuances, the claimant asserted that his injury had not yet stabilized to the point where the extent of his permanent injury could be assessed. The Commission ultimately denied the claimant's request for still another continuance and entered judgment affirming the 1970 award.

The following sequence of events is critical to the issue on appeal. The Commission's decision (hereafter the original decision) was issued on March 20 and was received by the claimant on March 22, 1978. On April 5, 1978, the claimant filed a "Motion to Reconsider and Remand Case Back to the Industrial Commission" with the Commission. This motion was denied by the Commission on June 28, 1978. The claimant then filed his writ of *certiorari* with the circuit court on July 12, 1978. One hundred twelve days elapsed from the receipt of the Commission's original decision to the filing of the writ.

The appeal was heard in the circuit court of Cook County. The court vacated the Commission's decision and remanded the cause back to the Commission in two orders dated March 6, 1980, and January 7, 1982, for the taking of additional evidence. The proceedings before the Commission on remand began on March 30, 1982. Additional medical evidence was presented. On January 24, 1983, the Commission rendered a decision awarding benefits to the claimant for permanent total disability. Kirk & Blum appealed the Commission's decision to the circuit court. The circuit court confirmed the Commission's decision in all respects. This appeal followed.

■ The sole issue on appeal is whether the circuit court had jurisdiction to hear the 1978 appeal where the claimant filed his writ of

*certiorari* 112 days after receipt of the Commission's original decision. Kirk & Blum argues that the circuit court lacked jurisdiction to hear the first appeal because 112 days elapsed between the entry of the Commission's original order and the filing of the writ of *certiorari* to the circuit court. Kirk & Blum asserts that the sole method of reconsideration of a Commission decision is the appeal process set forth in section 19(f) of the Workmen's Compensation Act (Ill. Rev. Stat. 1965, ch. 48, par. 138.19(f)). Because the claimant failed to comply with section 19(f), Kirk & Blum asserts, the circuit court had no subject-matter jurisdiction.

Section 19(f) of the Act provides that the decision of the Commission shall, in the absence of fraud, be conclusive unless reviewed as provided within the section. (Ill. Rev. Stat. 1965, ch. 48, par. 138.19(f).) Section 19(f)(1) provides that the circuit court shall have the power to review all questions of law and fact. Section 19(f)(1) further provides that a proceeding for review "shall be commenced within 20 days of the receipt of notice of the decision of the Commission." The Illinois Supreme Court has held that failure to file for writ of *certiorari* within the requisite 20-day period deprives the circuit court of jurisdiction to review a Commission decision. *George Young & Sons, Inc. v. Industrial Com.* (1977), 66 Ill. 2d 220, 362 N.E.2d 1040.

The provisions of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 1—101 *et seq.*), and the Supreme Court Rules (87 Ill. 2d R. 1 *et seq.*), are inapplicable to procedures regulated by section 19 of the Act. (*Elles v. Industrial Com.* (1940), 375 Ill. 107, 30 N.E.2d 615.) In workers' compensation cases, the writ of *certiorari* is solely of statutory creation and is not the common law writ. *Nierman v. Industrial Com.* (1928), 329 Ill. 623, 627, 161 N.E. 115, 117.

■ No provision is made in the Act for motions before the Commission for rehearing or reconsideration. The only recourse available to the claimant Chambers following the entry of the Commission's decision was to file a writ of *certiorari* under section 19(f) within the statutory time limit. Absent a timely filing in the instant cause, the circuit court had no jurisdiction to hear the claimant's appeal in 1978. Accordingly, the circuit court's order remanding the cause to the Commission was void for lack of jurisdiction. The order entered subsequently by the Commission on January 24, 1983, and confirmed by the circuit court on May 18, 1984, must therefore be vacated.

■ The claimant asserts that the writ of *certiorari* was timely filed because the Commission's decision of March 20, 1978, was itself void. The claimant bases his assertion on the ground that the Commission had failed to comply with the requirements of section 19(e)

because it failed to hold a "hearing." (Ill. Rev. Stat. 1983, ch. 48, par. 138.19(e).) Absent a proper "hearing" under section 19(e), the claimant argues, there could be no decision under section 19(f) from which to appeal.

We reject the claimant's assertion for two reasons. First, the record is devoid, due to an earlier motion for diminution of record, of any evidence as to what transpired at the time the Commission denied the claimant's final request for continuance. There is no record of the 1978 proceedings before the Commissioner. Absent such a record, we cannot say that the Commission's action was so arbitrary or improper as to deny the claimant a hearing.

Secondly, assuming that the Commissioner abused his discretion in refusing to take additional evidence, such error does not render the resulting decision by the Commission void as a matter of law. Instead, the Commission's decision in such a case is an appealable order which is timely reviewable by the circuit court for any abuse of discretion. This rule allows for the finality of Commission decisions and for the certainty of orderly procedure as set forth in the Act.

For the foregoing reasons, the judgment of the circuit court of Cook County of May 18, 1984, and the order of the Industrial Commission of January 24, 1983, are vacated; the orders of the circuit court of March 6, 1980, and January 7, 1982, are reversed; and the order of the Industrial Commission of March 30, 1978, is affirmed.

Circuit court reversed and vacated; Industrial Commission affirmed in part and vacated in part.

WEBBER, P.J., and SULLIVAN, LINDBERG, and KASSERMAN, JJ., concur.