226

ROBERT LAWLYES, Appellee, v. THE INDUSTRIAL COMMISSION *et al.*
(Huber Brothers, Appellant).

Third District (Industrial Commission Division)   No. 3—92—0506WC

Opinion filed May 28, 1993.

John F. Martin, of Dukes, Martin, Helm & Ryan, of Danville, for appellant.

Matthew K. Brandow, of Smith, Waters, Kuehn & Hughes, Ltd., of Peoria, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:
Claimant Robert Lawlyes filed an application for adjustment of claim, pursuant to the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*). Therein he alleged injuries to his right arm and hip arising out of and in the course of his employment with Huber Brothers (the employer). The case was heard by the arbitrator on September 12, 1990. In the decision entered on June 24, 1991, the arbitrator awarded claimant 62¹/₇ weeks of temporary total disability (TTD) and 70.5 weeks of permanent partial disability (PPD)

based on a 30% loss of claimant's right arm. Regarding claimant's average weekly wage, the arbitrator stated:

"Petitioner testified he earned $11,729.75 in the year prior to the injury. He testified he earned $11,113.77 between 5/27/86 and 12/31/86, and $616.02 between 1/1/87 and 5/27/87. The Arbitrator finds petitioner's earnings were $11,729.75 in the year prior to the date of accident. See Section 10 of the Act. Although petitioner may not have worked every day, no evidence was introduced to show actual days worked in the year prior to the accident. There is no evidence to calculate average weekly wage other than actual wages earned as set forth above."

The total dollar amount awarded by the arbitrator for TTD and PPD was $18,886.51. The arbitrator found that a sum of $22,902.75 had been paid to claimant on account of the subject injury. No review of the arbitrator's decision was taken by either party, and it became final.

After the decision was entered, claimant requested additional payments from the employer, whose counsel, in a letter dated August 12, 1991, explained that the award was less than the amount already paid, creating an overpayment to claimant. Despite these facts, claimant filed a petition for penalties for nonpayment of award (petition) on November 20, 1991.

On January 10, 1992, the Industrial Commission (Commission) entered an order wherein it found that the claimant had been overpaid $4,016.24. The Commission also denied claimant's petition and found that said pleading was frivolous pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137). In another order filed the same day, the Commission ordered claimant to repay the employer the sum of $4,016.24 and, pursuant to Rule 137, directed claimant and his counsel to pay the employer's counsel the $848.57 incurred in defending the petition.

On review, the circuit court upheld the Commission's order that claimant repay $4,016.24 that the employer overpaid. The circuit court determined that Rule 137 did not apply to the Commission's proceedings, and it also denied the employer's motion for additional sanctions.

Both parties appeal the circuit court's decision. The employer argues that Rule 137 applies to proceedings before the Commission. On cross-appeal, claimant contends that the employer is not entitled to credit for overpayment of TTD benefits and that the employer did not give him sufficient notice of the hearing on the petition for sanctions and repayment which was held on December 13, 1991.

We first address the employer's contention that Supreme Court Rule 137 applies to Industrial Commission proceedings and that the Commission's sanctions against claimant and his counsel made pursuant to said rule were proper. In response, claimant argues that the subject petition was not frivolous, and, furthermore, the Commission could not impose sanctions pursuant to Rule 137.

Rule 137 provides:

"Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, *the court*, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney fee. All proceedings under this rule shall be within and part of the civil action in which the pleading, motion or other paper referred to has been filed, and no violation or alleged violation of this rule shall give rise to a separate cause of action, or another cause of action within the civil action in question, by, on behalf of or against any party to the civil action in question, and by, on behalf of or against any attorney involved in the civil action in question.

This rule shall apply to the State of Illinois or any agency of the State in the same manner as any other party. Furthermore, where the litigation involves review of a determination of an

administrative agency, the court may include in its award for expenses an amount to compensate a party for costs actually incurred by that party in contesting on the administrative level an allegation or denial made by the State without reasonable cause and found to be untrue.

Where a sanction is imposed under this rule, the judge shall set forth with specificity the reasons and basis of any sanction so imposed either in the judgment order itself or in a separate written order." (Emphasis added.) 134 Ill. 2d R. 137.

We note that nothing in the plain meaning of the rule indicates that it applies to the Commission's proceedings.

Two cases cited by the employer, *Elles v. Industrial Comm'n* (1940), 375 Ill. 107, and *Chambers v. Industrial Comm'n* (1985), 132 Ill. App. 3d 891, actually support claimant's contention. Both cases state that the Illinois Civil Practice Act and supreme court rules are typically not applicable to Commission proceedings. In *Elles*, where the issue was the procedure on appealing a Commission award, the supreme court held that since a specific procedure was provided in section 19 of the Act, the Act would govern. The court stated:

"Thus, it is apparent that the provisions of the Civil Practice act and rules of this court do not apply to cases arising under the Workmen's Compensation act, in so far as or to the extent that the procedure is regulated by section 19 of the Workmen's Compensation act." 375 Ill. at 113.

In *Chambers v. Industrial Comm'n* (1985), 132 Ill. App. 3d 891, this court cited *Elles* for the proposition that supreme court rules were inapplicable to procedures regulated by section 19 of the Act.

In *Gotter v. Industrial Comm'n* (1987), 152 Ill. App. 3d 822, also cited by the employer, claimant appealed to the circuit court and claimed that he was deprived of due process because of an *ex parte* communication with a commissioner by the employer's attorney. The employer argued that the appeal procedure was governed by section 19, that the letter communication was not in the record and, therefore, the matter could not be considered on appeal. The *Gotter* court stated:

"Although the provisions of the Code of Civil Procedure and the supreme court rules are inapplicable to procedures regulated by section 19 of the Workers' Compensation Act [citation], section 19 does not authorize the entry of a decision by the Industrial Commission in violation of the principles of due process." (152 Ill. App. 3d at 825-26.)

The appeal at bar is not a due-process case, and, thus, *Gotter* is of no particular relevance.

While the employer correctly points out established rules of legal procedure and the rules of evidence have been applied to Commission proceedings, despite there being no mention of same in section 19, we fail to see the relevance of this information. Both the rules of legal procedure and the rules of evidence are necessary in proceedings before the Commission to ensure uniformity of results and efficiency of the process. As such, said rules are far more essential to the Commission's proper functioning than Supreme Court Rule 137.

Equally unpersuasive is the employer's reference to cases dealing with section 19(n) interest, wherein this court has had to look to the Civil Practice Act for guidance. (See, *e.g.*, *Bray v. Industrial Comm'n* (1987), 161 Ill. App. 3d 87; *Ballard v. Industrial Comm'n* (1988), 172 Ill. App. 3d 41.) As the Act was silent on interest accruing after an arbitrator's award, this court has applied the Civil Practice Act's interest section (Ill. Rev. Stat. 1985, ch. 110, par. 2—1303). By necessity, the courts were forced to apply this interest section to Commission proceedings, wherein such an issue would frequently rise. No such necessity is presented by the appeal at bar.

■ As the employer points out, other subsections of section 19, namely, 19(k) and 19(l), provide only penalties to be assessed in favor of claimant. In contrast, section 19 does not provide for penalties to be levied against the claimant. Given this background, it is evident to us that the Act in general and section 19 in particular are *intentionally* silent regarding sanctions against claimant and his counsel for frivolous pleadings. Accordingly, we shall not read into the Act sanctions against claimant imposed under Supreme Court Rule 137.

On cross-appeal, claimant argues that the employer was not entitled to a credit for overpayment of TTD benefits because this issue was not raised at arbitration. Claimant refers to section 7030.40 of the Commission rules, which states as follows:

> "Before a case proceeds to trial on arbitration, the parties (or their counsel) shall complete and sign a form provided by the Industrial Commission called Request for Hearing. However, in the event a party (or his counsel) shall fail or refuse to complete and sign the document, the Arbitrator, in his discretion, may allow the case to be heard and may impose upon such party whatever sanctions permitted by the law the circumstances may warrant. The completed Request for Hearing form, signed by the parties (or their counsel), shall be filed with

the Arbitrator as the stipulation of the parties and a statement of the questions in dispute in this case."

Claimant asserts that in the subject "Request for Hearing" form, the overpayment was not listed as an issue and, accordingly, that issue was waived at arbitration. Claimant additionally points out that the record contains no such "Request for Hearing" form. In fact, the record before us contains nothing from the arbitration hearing other than the arbitrator's decision.

■ An appellant has the duty to present a complete record on appeal and, in the absence of an adequate record, it will be presumed that the evidence is sufficient to support a judgment appealed therefrom. (*Wyman-Gordon Co. v. Bernardi* (1985), 135 Ill. App. 3d 685.) Here, without the relevant document(s) in the instant record, we can only find that the overpayment issue was properly decided below.

■ Claimant's last issue is that he did not have sufficient notice of the employer's petition for sanctions and petition for order of repayment. Again, claimant has not presented a complete record which includes the subject documents for review. Consequently, we find that this issue was properly decided below.

For reasons stated above, we affirm the circuit court's judgment.

Affirmed.

McCULLOUGH, P.J., and RAKOWSKI, SLATER, and RARICK, JJ., concur.