WAL-MART STORES, INC., Appellant, v. THE INDUSTRIAL COMMISSION, Appellee.

First District (Industrial Commission Division) No. 1—00—2925WC

Opinion filed August 9, 2001.

Michael E. Rusin, Stephen J. Friedman, and Laura E. Witten, all of Rusin Patton Maciorowski & Friedman, Ltd., of Chicago, for appellant.

James E. Ryan, Attonrey General, of Chicago (Joel D. Bertocchi, Solicitor General, and Mary Patricia Kerns, Assistant Attorney General, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

Wal-Mart Stores, Inc. (Wal-Mart), appeals from a circuit court order dismissing its action for administrative review of a decision of the Industrial Commission (Commission) denying its request for approval of a panel of physicians pursuant to section 8(a) of the Workers' Compensation Act (Act) (820 ILCS 305/8(a) (West 1998)) and section 7 of the Workers' Occupational Diseases Act (820 ILCS 310/7 (West 1998)). For the reasons that follow, we affirm.

•1 Section 8 of the Act governs the amount of compensation to be paid to an employee for a nonfatal accidental injury. 820 ILCS 305/8 (West 1998). Among other things, subsection (a) provides that the employee may elect to secure his own physician at the employer's expense or that

> "[u]pon agreement between the employer and the employees, or the employees' exclusive representative, and *subject to the approval of the Industrial Commission*, the employer shall maintain a list of physicians, to be known as a Panel of Physicians, who are accessible to the employees." (Emphasis added.) 820 ILCS 305/8(a) (West 1998).

Section 7 of the Workers' Occupational Diseases Act provides that, if an employee's disablement, disfigurement, impairment, or death is caused by an occupational disease, he is entitled to the same "benefits, rights and remedies, in the same manner, to the same extent and subject to the same terms, conditions and limitations *** as are now or may hereafter be provided by the 'Workers' Compensation Act.' " 820 ILCS 310/7 (West 1998).

On August 31, 1999, Wal-Mart filed a petition for the Commission's approval of a panel of physicians pursuant to section 8(a) of the Act and section 7 of the Workers' Occupational Diseases Act. In its petition, Wal-Mart asserted that it had reached an agreement with the employees at 74 of its Illinois locations to establish a panel. It stated that, at each location, it had submitted the proposal for a panel of physicians to all of the employees, and the employees in agreement with the proposal signed a written agreement to establish the panel. Attached as exhibits to Wal-Mart's petition were a list of the 74 locations where an agreement had been reached and a list of the physicians on the proposed panel. Also attached was the affidavit of Theresa Russell, an employee of Claims Management, Inc., a wholly owned subsidiary of Wal-Mart which administers its workers' compensation

claims. In her affidavit, Russell averred that more than 50% of the employees at each of the 74 locations had signed an agreement consenting to the formation of the panel.

After the petition was filed, Commissioner Gilgis sent Wal-Mart several letters requesting information pertaining to the petition. Wal-Mart responded to each of the letters, providing information and materials. In one of his letters, Commissioner Gilgis also informed Wal-Mart that its petition was scheduled for two evidentiary hearings before him, the first to be held on December 7, 1999, at the Commission's Springfield offices and the second to be held on December 14, 1999, at its Chicago offices. Pursuant to instructions from Commissioner Gilgis, Wal-Mart posted notices in each of its stores informing its employees of the date and location of each hearing and inviting them to attend the hearings and present comments.

Counsel for Wal-Mart was the only person who appeared at the December 7 hearing in Springfield. In response to counsel's inquiry, Commissioner Gilgis stated that he did not, at that time, need any further information from Wal-Mart. Commissioner Gilgis concluded the hearing and continued the matter to December 14.

No Wal-Mart employees appeared at the December 14 hearing in Chicago. At that hearing, the following items were introduced into evidence: a copy of the petition and its attachments; a list of the physicians on the proposed panel; a copy of the notice of the hearings that was posted in each of Wal-Mart's stores; a copy of the notice to employees that Wal-Mart intended to post upon approval of the petition; and copies of all correspondence between Commissioner Gilgis and Wal-Mart. Wal-Mart presented only one witness, Theresa Russell, who testified regarding the manner in which she obtained the signatures of the employees who approved of the panel of physicians. After Russell's testimony, the hearing was concluded.

On February 16, 2000, the Commission issued an order denying Wal-Mart's petition for approval of a panel of physicians. The Commission found that Wal-Mart had failed to prove that all of its employees had waived their rights under section 8(a) and that establishment of the panel is in the best interests of its employees as a whole. It stated, *inter alia*, that: "Where the Commission has approved panels of doctors in the past, the proposal was made jointly by the employer and the union authorized to represent its employees on such matters so that it was clear that the arrangement was in the best interest of both parties." On March 1, 2000, the Commission issued another order, in which it directed Wal-Mart to post notices of the Commission's denial of the petition in each of its 132 Illinois locations, the 74 locations that were the subject of the petition and an additional 58 locations that were not.

On March 10, 2000, Wal-Mart filed a petition for rehearing and for leave to submit additional evidence in support of its petition for approval of the panel. On March 15, 2000, the Commission issued an order denying and dismissing Wal-Mart's petition for rehearing. In that order, the Commission stated that there is no provision in the Act, its rules, or case law permitting rehearings.

On April 7, 2000, Wal-Mart sought judicial review of the Commission's three orders by filing in the circuit court of Cook County a request for summons and review, which stated that it was filed pursuant to section 19(f) of the Act (820 ILCS 305/19(f) (West 1998)) and Supreme Court Rule 292 (134 Ill. 2d R. 292). The Commission filed a motion to dismiss Wal-Mart's judicial review action pursuant to section 2—619(a)(1) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(1) (West 1998)), arguing that the trial court lacked jurisdiction over the matter because it was not commenced within the time constraints of section 19(f), *i.e.*, within 20 days of the issuance of the Commission's February 16, 2000, order. On July 24, 2000, the trial court granted the Commission's motion and dismissed Wal-Mart's action for judicial review. Wal-Mart then filed the instant timely appeal.

●2 Our review of a dismissal pursuant to section 2—619 is *de novo*. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116, 619 N.E.2d 732 (1993). Further, as will be explained herein, the propriety of the trial court's dismissal order turns upon a question of statutory construction, a question of law which is also subject to *de novo* review. *Advincula v. United Blood Services*, 176 Ill. 2d 1, 12, 678 N.E.2d 1009 (1996).

●3 Section 19(f) of the Act provides, *inter alia*, as follows:

"The decision of the Commission acting within its powers, according to the provisions of paragraph (e) of this Section shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph hereinafter provided. ***

(1) *** [T]he Circuit Court of the county where any of the parties defendant may be found, or if none of the parties defendant can be found in this State then the Circuit Court of the county where the accident occurred, shall by summons to the Commission have power to review all questions of law and fact presented by such record.

A proceeding for review shall be commenced within 20 days of the receipt of notice of the decision of the Commission. The summons shall be issued by the clerk of such court upon written request ***." 820 ILCS 305/19(f) (West 1998).

When reviewing decisions of the Commission, courts exercise special statutory jurisdiction, and strict compliance with the statute confer-

ring that jurisdiction is required. *Arrington v. Industrial Comm'n*, 96 Ill. 2d 505, 508, 451 N.E.2d 866 (1983). Compliance with the 20-day period for initiating an action for judicial review pursuant to section 19(f) is both mandatory and jurisdictional. *Jones v. Industrial Comm'n*, 188 Ill. 2d 314, 321, 721 N.E.2d 563 (1999). Illinois courts have held that, as the Act does not authorize the filing of petitions for rehearing from the Commission's decisions, the filing of such a petition does not toll the time for the filing of an action for judicial review pursuant to section 19(f). See *Wilson-Raymond Constructors Co. v. Industrial Comm'n*, 79 Ill. 2d 45, 56, 402 N.E.2d 584 (1980) (petition requesting reconsideration of Commission's decision on the merits a nullity); *Chambers v. Industrial Comm'n*, 132 Ill. App. 3d 891, 893, 478 N.E.2d 498 (1985) (Act contains no provision for filing petition for rehearing).

On appeal, Wal-Mart contends that the trial court erred in granting the Commission's motion to dismiss its action for judicial review. It does not argue that it complied with the requirements of section 19(f), nor could it successfully do so. The Commission issued an order denying Wal-Mart's petition for the approval of a panel of physicians on February 16, 2000. Wal-Mart did not file its request for a summons until April 7, 2000, well beyond the 20-day limit imposed by section 19(f). As noted above, the filing of Wal-Mart's petition for rehearing did not toll the time for the filing of a request for summons pursuant to section 19(f). See *Wilson-Raymond Constructors Co.*, 79 Ill. 2d at 56; *Chambers*, 132 Ill. App. 3d at 893. Rather than asserting that it met the requirements of section 19(f) of the Act, Wal-Mart contends that it did not have to meet these requirements as section 19(f) does not govern appeals from the Commission's rulings on petitions for approval of a panel of physicians brought pursuant to section 8(a) of the Act. The proper method of obtaining appeal of such orders, Wal-Mart argues, is by the filing of a common law writ of *certiorari*.

•4 A writ of *certiorari* is the general method of obtaining review of administrative actions when the act conferring power upon the agency in question does not adopt the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 1998)) and provides no other means of review. *Hanrahan v. Williams*, 174 Ill. 2d 268, 272, 673 N.E.2d 251 (1996). The Act clearly does not adopt the Administrative Review Law. Nor, Wal-Mart argues, does it provide, either through section 19(f) or any other section, for review of the Commission's decisions on petitions for the approval of a panel of physicians. Thus, relying on the rule that a petition for a common law writ of *certiorari* must be filed within six months of the action of which review is sought unless a reasonable excuse is shown for the delay (see *Connolly v. Upham*, 340 Ill. App. 387, 391, 92 N.E.2d 207 (1950)), Wal-Mart argues that its writ of *certiorari* was timely filed.

●5 Wal-Mart's argument involves the question of the proper construction of section 19 of the Act. The rules of statutory construction are well settled, the primary one being that effect must be given to the intent of the legislature. *Advincula*, 176 Ill. 2d at 16. In order to ascertain the legislature's intent, courts must begin by examining the language of the statute, reading the statute as a whole, and construing it so that no word or phrase is rendered meaningless or superfluous. *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189, 561 N.E.2d 656 (1990). Clear and unambiguous statutory language must be given effect without resort to other aids of construction. *People v. Woodard*, 175 Ill. 2d 435, 443, 677 N.E.2d 935 (1997). Where a statutory provision is ambiguous, or capable of being understood in two or more different senses by reasonably well-informed people, the court may look to extrinsic sources in order to ascertain the legislature's intent. *In re B.C.*, 176 Ill. 2d 536, 542-43, 680 N.E.2d 1355 (1997). Such sources include the purpose of the statute, the evils it was designed to remedy, and the legislative history. *In re B.C.*, 176 Ill. 2d at 542-43.

Wal-Mart's argument that the decision issued by the Commission in the instant case is not appealable pursuant to section 19(f) is premised upon the following language contained therein: "The decision of the Commission acting within its powers, *according to the provisions of paragraph (e) of this Section* shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph hereinafter provided." (Emphasis added.) 820 ILCS 305/19(f) (West 1998). Based on this language, Wal-Mart contends that the method of review set forth in section 19(f) applies only to review of decisions made by the Commission when it is acting within its powers pursuant to section 19(e) of the Act. Wal-Mart further argues, however, that the only power which the Commission exercises pursuant to section 19(e) is its power to conduct hearings and issue decisions relating to employees' claims for benefits under the Act. Accordingly, Wal-Mart argues, since the Commission's decision on a petition for the approval of a panel of physicians is not made pursuant to section 19(e), it is not appealable by the procedure set forth in section 19(f).

Our consideration of Wal-Mart's argument necessarily requires an examination of the language of section 19(e). The first two paragraphs of subsection (e) provide as follows:

"(e) This paragraph shall apply to all hearings before the Commission. Such hearings may be held in its office or elsewhere as the Commission may deem advisable. The taking of testimony on such hearings may be had before any member of the Commission. If a petition for review and agreed statement of facts or transcript of evidence is filed, as provided herein, the Commission shall promptly

review the decision of the Arbitrator and all questions of law or fact which appear from the statement of facts or transcript of evidence.

In all cases in which the hearing before the arbitrator is held after December 18, 1989, no additional evidence shall be introduced by the parties before the Commission on review of the decision of the Arbitrator. In reviewing decisions of an arbitrator the Commission shall award such temporary compensation, permanent compensation and other payments as are due under this Act. The Commission shall file in its office its decision thereon, and shall immediately send to each party or his attorney a copy of such decision and a notification of the time when it was filed. Decisions shall be filed within 60 days after the Statement of Exceptions and Supporting Brief and Response thereto are required to be filed or oral argument whichever is later." 820 ILCS 305/19(e) (West 1998).

●6 Wal-Mart is correct in its assertion that section 19(e) contains numerous references to the Commission reviewing the decision of an arbitrator, as occurs with respect to an employee's claim for benefits. It is not, however, limited in scope to such reviews. Rather, section 19(e) provides that: "This paragraph shall apply to all hearings before the Commission." 820 ILCS 305/19(e) (West 1998). It is a fundamental rule of statutory construction that the plain language of a statute must be given effect and that courts must not, under the guise of statutory construction, add limitations or requirements which are inconsistent with the plain meaning of that language. *People ex rel. LeGout v. Decker*, 146 Ill. 2d 389, 394, 586 N.E.2d 1257 (1992). Section 19(e) clearly states that it applies to "all hearings." The Commission issued the decision in question here after conducting a hearing. Accordingly, the Commission's decision denying Wal-Mart's petition for approval of a panel of physicians is a "decision of the Commission acting within its powers, pursuant to the provisions of paragraph (e)" and is appealable pursuant to section 19(f).

In reaching this conclusion, we reject Wal-Mart's alternate contention that the Commission's order is not a "decision of the Commission *acting within its powers*" (emphasis added) within the meaning of section 19(f) because the Commission, in fact, exceeded its authority. Wal-Mart contends that the Commission exceeded its authority by conducting hearings and applying a "best interests of the parties" standard, neither of which is provided for in the Act. As a result, Wal-Mart contends, it was denied its rights to due process and a meaningful hearing. Similarly, Wal-Mart argues that the Commission exceeded its authority when it denied the petition for approval on the basis that its employees were not represented by a union. This, it contends, is contrary to the plain language of section 8(a), which refers to an agree-

ment being made between the employer and the employees or the employees' representative. Wal-Mart thus contends the Commission's February 16, 2000, order is void. We disagree.

We first note that Wal-Mart did not object to the Commission conducting hearings on its petition and, thus, waived any objection thereto. See *Langendorf v. Irving Trust Co.*, 244 Ill. App. 3d 70, 81, 614 N.E.2d 23 (1992) (participation in hearing with no objection waived any objection on appeal to adequacy of hearing). Furthermore, even if the Commission applied an improper standard in ruling on Wal-Mart's petition or based its decision on an improper ground, we cannot conclude that the Commission was not "acting within its powers." Rather, we find that the Commission's decision in such a case is an appealable order which is reviewable by the circuit court pursuant to section 19(f) and that any such arguments must be raised in the context of that review. See *Chambers,* 132 Ill. App. 3d at 894 (Commission's alleged failure to conduct a proper hearing pursuant to section 19(e) did not render its order void). "This rule allows for the finality of Commission decisions and for the certainty of orderly procedure as set forth in the Act." *Chambers*, 132 Ill. App. 3d at 894.

For the reasons stated above, we conclude that the Commission's decision to deny Wal-Mart's petition for the approval of a panel of physicians is appealable pursuant to section 19(f) of the Act. Because Wal-Mart failed to initiate its action for judicial review within the 20-day time limit set forth therein, the circuit court lacked jurisdiction over the action. As such, we affirm the circuit court's order dismissing Wal-Mart's action for judicial review.

Affirmed.

McCULLOUGH, P.J., and O'MALLEY, HOLDRIDGE, and RARICK, JJ., concur.