NOTICE

Decision filed 02/16/18. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2018 IL App (5th) 160297WC

NOS. 5-16-0297WC, 5-16-0342WC (cons.)

Opinion filed: February 16, 2018

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

WORKERS' COMPENSATION COMMISSION DIVISION

| | | |
|---|---|---|
| DOBBS TIRE & AUTO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Appellant, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 14-MR-347 |
| | ) | Appeal No. 5-16-0342WC |
| THE ILLINOIS WORKERS' | ) | |
| COMPENSATION COMMISSION *et al.* | ) | Honorable |
| (Ted Adams, Appellee). | ) | Robert P. LeChien, |
| | ) | Judge, presiding. |
| | ) | |
| PEGGY STOLTE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Appellant, | ) | Fayette County. |
| | ) | |
| v. | ) | No. 16-MR-22 |
| | ) | Appeal No. 5-16-0297WC |
| THE ILLINOIS WORKERS' | ) | |
| COMPENSATION COMMISSION *et al.* | ) | Honorable |
| (St. Anthony's Memorial Hospital, | ) | J. Marc Kelly, |
| Appellee). | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court, with opinion.
Presiding Justice Holdridge and Justices Hoffman, Hudson, and Harris concurred in the judgment and opinion.

**OPINION**

¶ 1    These appeals were consolidated for purposes of oral argument and opinion by this

court's own motion. In the first appeal, the claimant, Peggy Stolte, appeals the June 23, 2016,

order of the circuit court of Fayette County that denied her motion for enforcement of judgment pursuant to section 19(g) of the Workers' Compensation Act (Act) (820 ILCS 305/19(g) (West 2014)) and interest on her workers' compensation award, pursuant to section 2-1303 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1303 (West 2014)). In the second appeal, the employer, Dobbs Tire & Auto, appeals the June 16, 2016, judgment of the circuit court of St. Clair County that awarded the claimant, Ted Adams, $72,178.83 in postjudgment interest, pursuant to section 2-1303 of the Code (*id.*), after the claimant filed a pleading, pursuant to section 19(g) of the Act (820 ILCS 305/19(g) (West 2014)), for the sole purpose of requesting the interest award. For the reasons that follow, we affirm the order entered by the circuit court of Fayette County in the appeal brought by Peggy Stolte, and we reverse the judgment entered by the circuit court of St. Clair County in the Dobbs Tire & Auto appeal.

¶ 2                                    FACTS

¶ 3                          1. *Stolte Appeal*

¶ 4      On March 9, 2016, the claimant filed, in the circuit court of Fayette County, a pleading titled "Motion For Enforcement Of Judgment And Interest At 9% Per Annum, On Workers' Compensation Arbitration Decision And Commission Decision And Pursuant to 820 ILCS 305/19(g)" (motion). According to the motion, the arbitrator issued a decision on March 21, 2013, in favor of the claimant and against the employer, St. Anthony's Memorial Hospital, awarding the claimant permanent partial disability in the amount of $233.29 per week for 125 weeks, totaling $29,161.25. The employer appealed the award to the Illinois Workers' Compensation Commission (Commission), which confirmed the award. The employer appealed to the circuit court of Fayette County, which also confirmed the award, and then to this court,

2

which affirmed. See *St. Anthony's Memorial Hospital v. Illinois Workers' Compensation Comm'n*, 2015 IL App (5th) 140447WC-U.

¶ 5     The claimant's motion averred that the employer, when it paid the workers' compensation award, incorrectly calculated interest on the award by applying "only the .11 interest rate" provided by section 19(n) of the Act (820 ILCS 305/19(n) (West 2014)). The claimant asserted that once the circuit court ruled and confirmed the award, interest was due on the award at the rate of 9%, pursuant to section 2-1303 of the Code. 735 ILCS 5/2-1303 (West 2014).

¶ 6     On April 16, 2016, the employer filed a motion to dismiss, stating that it had paid the award in full on January 6, 2016, including interest in the amount of 0.11% pursuant to section 19(n) of the Act. 820 ILCS 305/19(n) (West 2014). The employer requested that the circuit court dismiss the claimant's motion, arguing that section 2-1303 of the Code (735 ILCS 5/2-1303 (West 2014)) does not apply because the award had not been reduced to judgment at the time the award was paid. After briefing and oral argument, the circuit court entered an order on June 23, 2016, granting the employer's motion to dismiss. On July 11, 2016, the claimant filed a notice of appeal.

¶ 7                    2. *Dobbs Tire & Auto Appeal*

¶ 8     On September 2, 2014, the claimant filed, in the circuit court of St. Clair County, a pleading titled "Motion For Enforcement Of Judgment And Interest On Workers' Compensation Commission Decision And Pursuant to 820 ILCS 305/19(g)" (motion). According to the motion, the arbitrator issued a decision on January 19, 2010, in favor of the claimant and against the employer, awarding the claimant medical expenses in the amount of $239,549.16 and permanent total disability in the amount of $847.10 per week. The employer appealed the award to the

3

Commission, which modified the medical expense award to $237,025.53 but otherwise confirmed the award. The employer appealed to the circuit court of St. Clair County, which confirmed the award, and then to this court, which affirmed. See *Dobbs Tire & Auto v. Illinois Workers' Compensation Comm'n*, 2013 IL App (5th) 120576WC-U.

¶ 9 The claimant's motion averred that the employer, when it paid the workers' compensation award, incorrectly calculated interest on the award by applying "only the .13 interest rate" provided by section 19(n) of the Act[1] (820 ILCS 305/19(n) (West 2014)). The claimant asserted that once the Commission ruled, interest was due on the award at the rate of 9%, pursuant to section 2-1303 of the Code. 735 ILCS 5/2-1303 (West 2014).

¶ 10 On October 3, 2014, the employer filed a response to the claimant's motion, in which it averred that it had paid the entire award on November 1, 2013, by issuing a check in the total amount of $211,011.87, which included interest in the amount of approximately $1000, which was calculated at the rate of 0.13% pursuant to section 19(n) of the Act. 820 ILCS 305/19(n) (West 2014). The employer argued that because it had paid the entire award prior to the claimant's motion, the claimant's motion should be denied.

¶ 11 On June 16, 2016, after briefing and oral argument, the circuit court entered an order granting the claimant's motion. The circuit court ordered the employer to pay 9% interest on the award from the date that the circuit court affirmed the award on November 20, 2012, an amount it calculated to be $72,178.83. On June 27, 2016, the employer filed a motion to reconsider,

---

[1]Section 19(n) of the Act provides, in relevant part, that "decisions of the *** Commission reviewing an award of an arbitrator of the Commission shall draw interest at a rate equal to the yield on indebtedness issued by the United States Government with a 26-week maturity next previously auctioned on the day on which the decision is filed. Said rate of interest shall be set forth in the Arbitrator's Decision." 820 ILCS 305/19(n) (West 2014). Accordingly, the amount of interest varies among awards.

4

which the circuit court denied on July 28, 2016. On August 5, 2016, the employer filed a notice of appeal.

¶ 12                                         ANALYSIS

¶ 13     The sole issue raised in these appeals is whether the 9% judgment interest rate set forth in section 2-1303 of the Code (735 ILCS 5/2-1303 (West 2014)) applies to a Commission award prior to the award being reduced to judgment by a circuit court pursuant to section 19(g) of the Act. 820 ILCS 305/19(g) (West 2014). We begin our analysis of this issue by identifying the applicable standard of review. The issue on appeal requires this court to interpret the interplay between several statutory sections. "Issues involving the interpretation of a statute present questions of law that we review *de novo*." *Continental Tire of the Americas, LLC v. Illinois Workers' Compensation Comm'n*, 2015 IL App (5th) 140445WC, ¶ 16 (citing *Gruszeczka v. Illinois Workers' Compensation Comm'n*, 2013 IL 114212, ¶ 12). " 'The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature,' " and " '[t]he language used in the statute is normally the best indicator of what the legislature intended.' " *Id.* (quoting *Gruszeczka*, 2013 IL 114212, ¶ 12). With these standards in mind, we turn to the circuit court of Fayette County's finding that the claimant is not entitled to a judgment under section 19(g) of the Act (820 ILCS 305/19(g) (West 2014)) and interest under section 2-1303 of the Code (735 ILCS 5/2-1303 (West 2014)), and the contrary judgment of the circuit court of St. Clair County.

¶ 14     In the cases at bar, the circuit court of Fayette County refused to enter a judgment in favor of Stolte on the claimant's workers' compensation award under section 19(g) of the Act (820 ILCS 305/19(g) (West 2014)) and 9% interest under section 2-1303 of the Code (735 ILCS 5/2-1303 (West 2014)) because the employer paid the claimant the full amount of the award, plus

5

interest pursuant to section 19(n) of the Act (820 ILCS 305/19(n) (West 2014)) prior to the time the claimant filed her motion. In contrast, the circuit court of St. Clair County determined that such a judgment against Dobbs Tire & Auto would be appropriate, although the exact same circumstances existed. As explained below, the Second and Fourth Districts of our appellate court have found that such a judgment and interest award is contrary to law in *Radosevich v. Industrial Comm'n*, 367 Ill. App. 3d 769, 778 (2006), and *Sunrise Assisted Living v. Banach*, 2015 IL App (2d) 140037, ¶¶ 26-35, respectively.

¶ 15   In *Radosevich*, the court explained that a claimant is entitled to interest under section 19(n) of the Act on all awards of arbitrators and decisions of the Commission, which provides that such interest is " 'drawn from the date of the arbitrator's award on all accrued compensation due the employee through the day prior to the date of payments.' " 367 Ill. App. 3d at 777 (quoting 820 ILCS 305/19(n) (West 2004)). In contrast, the court explained, "[a] claimant is entitled to section 2-1303 interest if and when the arbitrator's award or Commission's decision becomes an enforceable judgment." *Id.* at 778. This occurs "[w]hen an employer fails or refuses to pay a final award determined by the arbitrator, which becomes the Commission's decision." *Id.* Once no further appeal is taken, a claimant may file a petition in the circuit court pursuant to 19(g) of the Act (820 ILCS 305/19(g) (West 2004)) to reduce the award to an enforceable judgment. *Radosevich*, 367 Ill. App. 3d at 778. Section 2-1303 (735 ILCS 5/2-1303 (West 2004)) interest is only proper once a judgment is entered by the circuit court and does not affect an employer who makes timely payments on the award. *Radosevich*, 367 Ill. App. 3d at 778.

¶ 16   Similarly, in *Sunrise Assisted Living*, the court, relying on *Radosevich*, affirmed a circuit court's refusal to deny a claimant a judgment under section 19(g) of the Act (820 ILCS

6

305/19(g) (West 2012)) and an award of an interest under section 2-1303 of the Code (735 ILCS 5/2-1303 (West 2012)) in circumstances identical to the case at bar, explaining:

"In this case, Sunrise appealed the Commission's decision, and section 19(n) interest accrued while that appeal was pending. When the appellate court rendered its decision, Sunrise promptly paid the lump sum, accrued installments, and section 19(n) interest, before [the claimant] filed her section 19(g) application. Sunrise did not refuse to pay before [the claimant] implemented section 19(g). When Sunrise tendered full payment of what was owed, [the claimant] was no longer entitled to a judgment under section 19(g). Without a judgment, [the claimant] was not entitled to additional interest under section 2-1303 of the Code." *Sunrise Assisted Living*, 2015 IL App (2d) 140037, ¶ 35.

¶ 17 We find the reasoning in *Radosevich* and *Sunrise Assisted Living* to be sound and to clearly dispose of the issue raised in these appeals. We reject the arguments of the claimants that section 3-111(a)(8) of the Administrative Review Law (735 ILCS 5/3-111(a)(8) (West 2014)) gives the circuit court's affirmance of the arbitrator's award on appeal the status of a judgment that could be enforced as other judgments, including the accrual of interest pursuant to section 2-1303 of the Code (735 ILCS 5/2-1303 (West 2014)). Section 3-102 of the Administrative Review Law (735 ILCS 5/3-102 (West 2014)) clearly provides that the law only applies to an administrative agency "where the Act creating or conferring power on such agency, by express reference, adopts the provisions" of the Administrative Review Law. " 'The Act clearly does not adopt the Administrative Review Law.' " *Farris v. Illinois Workers' Compensation Comm'n*, 2014 IL App (4th) 130767WC, ¶ 46 (quoting *Wal-Mart Stores, Inc. v. Industrial Comm'n*, 324 Ill. App. 3d 961, 966 (2001)). Accordingly, the Administrative Review Law has no bearing on

7

the provisions of the Act, which clearly set forth a specific procedure for the review of an arbitrator's workers' compensation award at all levels, interest on the award during this process, and the conversion of the award into a judgment at the conclusion of review, in the event that the employer fails to pay the award. 820 ILCS 305/19 (West 2014). Based on this statutory procedure, and the case law outlined above, we find that the circuit court of Fayette County did not err in refusing to award interest pursuant to section 2-1303 of the Code (735 ILCS 5/2-1303 (West 2014)), and the circuit court of St. Clair County erred in so doing.

¶ 18                                    CONCLUSION

¶ 19     For the foregoing reasons, we affirm the order of the circuit court of Fayette County and reverse the judgment of the circuit court of St. Clair County.


¶ 20     No. 5-16-0297WC, Affirmed.

¶ 21     No. 5-16-0342WC, Reversed.

2018 IL App (5th) 160297WC

NOS. 5-16-0297WC, 5-16-0342WC (cons.)

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

WORKERS' COMPENSATION COMMISSION DIVISION

_____

| | | |
|---|---|---|
| DOBBS TIRE & AUTO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Appellant, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 14-MR-347 |
| | ) | Appeal No. 5-16-0342WC |
| THE ILLINOIS WORKERS' | ) | |
| COMPENSATION COMMISSION *et al.* | ) | Honorable |
| (Ted Adams, Appellee). | ) | Robert P. LeChien, |
| | ) | Judge, presiding. |

_____

| | | |
|---|---|---|
| PEGGY STOLTE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Appellant, | ) | Fayette County. |
| | ) | |
| v. | ) | No. 16-MR-22 |
| | ) | Appeal No. 5-16-0297WC |
| THE ILLINOIS WORKERS' | ) | |
| COMPENSATION COMMISSION *et al.* | ) | Honorable |
| (St. Anthony's Memorial Hospital, | ) | J. Marc Kelly, |
| Appellee). | ) | Judge, presiding. |

_____

| | |
|---|---|
| **Opinion Filed:** | February 16, 2018 |

_____

| | |
|---|---|
| **Justices:** | Honorable James R. Moore, J. |
| | |
| | Honorable William E. Holdridge, P.J., |
| | Honorable Thomas E. Hoffman, J., |
| | Honorable Donald C. Hudson, J., and |
| | Honorable Thomas M. Harris, Jr., J., |
| | Concur |

_____

| | |
|---|---|
| **Attorneys for Appellants** | Brad A. Elward, Heyl, Royster, Voelker & Allen, P.C., 300 Hamilton Boulevard, P.O. Box 6199, Peoria, IL 61601-6199; Toney J. Tomaso, Heyl, Royster, Voelker & Allen, 102 East Main Street, Suite 300, Urbana, IL 61801 (attorneys for Dobbs Tire & Auto); Eric W. Kirkpatrick, Kirkpatrick Law Offices, P.C., #3 Executive Woods Court, Suite 100, Belleville, IL 62226 (attorney for Peggy Stolte) |

_____

| | |
|---|---|
| **Attorneys for Appellees** | Eric W. Kirkpatrick, Kirkpatrick Law Offices, P.C., #3 Executive Woods Court, Suite 100, Belleville, IL 62226 (attorney for Ted Adams); Brad A. Elward, Heyl, Royster, Voelker & Allen, P.C., 300 Hamilton Boulevard, P.O. Box 6199, Peoria, IL 61601-6199; John D. Flodstrom, Heyl, Royster, Voelker & Allen, 102 East Main Street, Suite 300, P.O. Box 129, Urbana, IL 61801 (attorneys for St. Anthony's Memorial Hospital) |